# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASHEED PHILLIPS,** | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 16-609** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

## [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Defendant City of Philadelphia's Partial Motion to Dismiss, it is hereby ORDERED that the Motion is GRANTED as follows.

- Count X ("42 U.S.C. § 1983 against Defendant City of Philadelphia") is dismissed to the extent it encompasses claims for excessive force, unlawful detention, failure to intervene, false imprisonment, assault and battery and infliction of emotional distress.

- Count XI ("Supplemental Claim of Negligent Hiring, Retention and Supervision against defendant, City of Philadelphia") is dismissed because the City of Philadelphia ("the City") is statutorily immune from liability for same pursuant to the Pennsylvania Political Subdivision Tort Claims Act.

IT IS SO ORDERED.

BY THE COURT:

_____
MICHAEL M. BAYLSON, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHEED PHILLIPS, : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 16-609 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
| : | |
| Defendants. : | |

## DEFENDANT CITY OF PHILADELPHIA'S PARTIAL MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM

Defendant City of Philadelphia, by and through undersigned counsel, hereby files this Partial Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Defendant incorporates and relies upon the attached Memorandum of Law. Defendant respectfully requests that this Court partially dismiss Plaintiff's claims as follows.

Date: January 26, 2024

Respectfully submitted,

/s/ *Anne B. Taylor*
Anne B. Taylor, Esquire
Chief Deputy City Solicitor
Pa. Attorney ID No. 206057
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5381

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RASHEED PHILLIPS,**      **Plaintiff,** <br><br> v. <br><br> **CITY OF PHILADELPHIA, et al.,** <br><br>      **Defendants.** | **Civil Action <br> No. 16-609** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY'S
<u>PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

Plaintiff Rasheed Phillips ("Plaintiff") has sued the City of Philadelphia ("City") and individual defendants for claims arising out of his January 2007 arrest and subsequent prosecution. By his eleven-count Complaint he seeks recovery under a myriad of theories of liability, the significant majority of which are either time barred or, regarding the City, barred by statutory immunity. The City consequently partially moves to dismiss in order to clarify the issues properly before the Court.

**I. BACKGROUND**

In his complaint, Plaintiff alleges that he was arrested and charged for narcotics and firearms violations on or around January 16, 2007. Compl., ECF No. 1, ¶ 7. He contends that he was falsely arrested and prosecuted for these crimes. *Id.* ¶¶ 8-24. Plaintiff's conviction was vacated and nolle prossed on November 20, 2015. *Id.* ¶ 30. Plaintiff filed this eleven count complaint naming, among others, the City of Philadelphia as defendants several months later, on February 8, 2016. *See generally id.* Because many of his claims against the City of Philadelphia are time-barred or otherwise barred by the Political Subdivision Tort Claims Act, the City now moves to dismiss, in part.

## II. STANDARD OF REVIEW

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without stating a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Anspach v. City of Philadelphia*, 503 F.3d 256, 260 (3d Cir. 2007). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quotation marks omitted).

## III. ARGUMENT

The City first addresses those of Plaintiff's federal claims that are time barred, and then Plaintiff's state law claims, all of which are barred by the Political Subdivision Tort Claims Act.

### A. Several of Plaintiff's Federal Claims Should be Dismissed as Time-Barred.

The "statute of limitations for a § 1983 claim arising in Pennsylvania is two years." *See McCreary v. Redevelopment Auth.*, 427 F. App'x 211, 214 (3d Cir. 2011). The statute of limitations begins to run when the plaintiff's cause of action accrues. *Romero v. The Allstate Corp.*, 404 F.3d 212, 221 (3d Cir. 2005). Further, under the federal "discovery rule," a federal claim accrues when the plaintiff discovers or should have discovered the injury that forms the basis for the claim. *Id.* at 222. In the context of a Section 1983 claim for false arrest, that date is typically the date of the plaintiff's arrest. *See, e.g.*, *Hamidian v. Occulto*, 854 F. Supp. 350, 353 (M.D. Pa. 1994); *Strange v. Freeman*, No. 11-7911, 2012 WL 707019, at *3 (E.D. Pa. Mar. 6, 2012). This same two-year statute of limitations applies to a due process/equal protection claim, *see Patterson v. Strippoli*, 639 F. App'x 137, 140-41 (3d Cir. 2016); *D'Alfonso v. Carpino*, 352

F. App'x 604 (3d Cir. 2009), as well as to a claim for unlawful search, *see Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012). Claims for malicious prosecution and interference with access to courts, in turn, "accrue[] on the date that the proceedings terminated favorably for the accused." *Hiscock v. City of Philadelphia*, 2013 WL 686350, at 3 (E.D. Pa. Feb. 26, 2013) (citing *Thomas–Warner v. City of Phila.*, No. 11–5854, 2011 WL 6371898, at 6 (E.D. Pa. Dec. 20, 2011) and weighing the futility of amendment to plaintiff's complaint after the expiration of the statute of limitations); *Coulston v. Superintendent Houtzdale SCI*, 651 F. App'x 139, 142 (3d Cir. 2016).

Plaintiff was arrested on January 16, 2007. He filed suit on February 8, 2016. In his omnibus municipal liability claim, Plaintiff references – presumably because they are his theories of liability – "excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress." Compl. ¶ 77. His false arrest and false imprisonment claims are clearly time-barred as to all defendants, as are his excessive force, assault and battery, and infliction of emotional distress (all of which claims are seemingly nested within Count X). *Strange*, No. 11-7911, 2012 WL 707019, at *3 (two-year statute of limitations for false arrest/imprisonment claims); *Woodson*, 502 F. App'x at 112; *Ormsby v. Luzerne County Dept. of Public Welfare Office of Huan Services*, 149 F. App'x 60, 62 (3d Cir. Sept. 12, 2005) (two-year statute of limitations for infliction of emotional distress); *Brown v. Buck*, 614 F. App'x 590, 592 (3d Cir. June 12, 2015) (two-year statute of limitations for excessive force). These claims, brought against the City of Philadelphia in his omnibus constitutional claim against the City in Count X, should be dismissed on this basis. To the extent Plaintiff is suggesting that the City could be held liable for a failure to intervene in a malicious prosecution, that should also be dismissed, consistent with

the court's analysis in *Thorpe v. City of Philadelphia*, No. 19-5094, 2020 WL 5217396 (E.D. Pa. Sept. 1, 2020) (holding qualified immunity applies to a failure to intervene claim brought in any context other than excessive force, and dismissing the derivative claim against the City).

Plaintiff does not expressly plead a malicious prosecution theory of liability in his omnibus claim against the City. *See generally* Compl. ¶¶ 75-83. To the extent Plaintiff amends his complaint as a matter of right, the City respectfully acknowledges that such a claim would be timely filed. But since none is expressly stated in the operative pleading, the City should be dismissed.

### B. Plaintiff's State Law Claim of Negligent Hiring, Retention and Supervision Should be Dismissed as Barred by the Political Subdivision Tort Claims Act.

In Count XI, Plaintiff seeks to recover against the City under a theory of negligent hiring, retention, and supervision. Compl. ¶¶ 84-86. These negligence claims, subsumed in Count XI, fail because the statutory immunity, and associated limitations on suit, imposed by the Pennsylvania Political Subdivision Tort Claims Act preclude Plaintiff from pursuing such claims against the City of Philadelphia. Indeed, "the Political Subdivision Tort Claims Act abrogates the liability of a local agency only for certain narrowly excepted negligent acts listed at 42 Pa. Cons. Stat. Ann. § 8542(b)." *Agresta v. City of Philadelphia*, 694 F. Supp. 117, 123 (1988); *see also* Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8541 et seq.

As articulated within Plaintiff's counts, none of the negligence claims fit within any of the nine exceptions to the City's grant of immunity under the Tort Claims Act. 42 Pa. Cons. Stat. Ann. §§ 8541, 8542. As found by this court in *Joyner v. School Dist. of Phila.*, "[n]egligent hiring, training, and retention of an unfit supervisor is not one of the negligent acts for which immunity is waived" by the Tort Claims Act. 313 F. Supp. 2d 495, 504 (E.D. Pa. 2004) (Rufe, J.). The same analysis applies to those theories of liability as applied to police officers,

4

warranting dismissal of this claim.

Because the City is statutorily precluded from liability for Plaintiff's state law claims, Count XI should be dismissed.

### C. *Plaintiff Cannot Recover Punitive Damages Against the City*

Plaintiff asserts a claim to punitive damages in both Count X and Count XI. Compl. ¶¶ 83, 86. The City moves to dismiss Plaintiff's claim to punitive damages in an abundance of caution because punitive damages cannot be recovered against the City. *Doe v. County of Centre, PA*, 242 F.3d 437, 455-56 (3d Cir. 2001). These averments should be stricken.

## IV. CONCLUSION

For the reasons set forth above, the Court should partially dismiss Plaintiff's claims against the City of Philadelphia.

Date: January 26, 2024

Respectfully submitted,

/s/ *Anne B. Taylor*
Anne B. Taylor, Esquire
Chief Deputy City Solicitor
Pa. Attorney ID No. 206057
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5381

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| RASHEED PHILLIPS, | : | |
| Plaintiff, | : | |
|  | : | Civil Action |
| v. | : | No. 16-609 |
|  | : | |
| CITY OF PHILADELPHIA, et al., | : | |
|  | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendant's Partial Motion to Dismiss, Memorandum in Support, and Certificate of Service were filed via the Court's electronic filing system and are available for downloading.

Date: January 26, 2024

Respectfully submitted,

/s/ *Anne B. Taylor*
Anne B. Taylor, Esquire
Chief Deputy City Solicitor
Pa. Attorney ID No. 206057
Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5381