IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RASHEED PHILLIPS**  v.  **CITY OF PHILADELPHIA, et al.** | CIVIL ACTION  NO. 16-609 |
| **JENNIFER STREEPER**  v.  **CITY OF PHILADELPHIA, et al.** | CIVIL ACTION  NO. 17-787 |
| **ELIGA McGHEE and NATHANIEL McGHEE**  v.  **CITY OF PHILADELPHIA, et al.** | CIVIL ACTION  NO. 17-832 |
| **DENNIS SHARPE**  v.  **CITY OF PHILADELPHIA, et al.** | CIVIL ACTION  NO. 19-983 |

## <u>MEMORANDUM</u>

**Baylson, J.**                                                                                                           **January 31, 2024**

The above four cases were recently transferred to the undersigned. All four of these cases are in a larger group of civil rights complaints that were filed in this Court over a number of years, and have been referred to as "NFU" cases—standing for the Philadelphia Police Department Narcotics Field Unit, and make allegations against the City of Philadelphia and various police officers concerning conduct against the Plaintiffs in violation of their civil rights. Motions to Dismiss were recently filed in all four of these cases. The following chart shows relevant dates.

| Name of Plaintiff | No. of individual Defendants | Date of incident | Date of Complaint | Order-Suspense Docket | Order reassigning cases from J. Diamond | Pretrial Order after reassign. | Motion to Dismiss |
|---|---|---|---|---|---|---|---|
| Phillips 16-609 | 3 | 1/16/07 | 2/8/16 | 2/9/16 | 11/15/23 | 12/18/23 | 1/18/24 1/26/24 |
| Streeper 17-787 | 0 | 7/1/09 | 2/17/17 | 2/22/17 | 11/16/23 | 12/18/23 | 1/26/24 |
| McGhee 17-832 | 17 | 7/18/07 | 2/22/17 | 2/22/17 | 11/16/23 | 12/18/23 | 1/26/24 |
| Sharpe 19-983 | 6 | 3/27/08 | 3/8/19 | 3/8/19 | 11/15/23 | 12/13/23 | 1/26/24 |

The City of Philadelphia is also a Defendant in all of these cases.

**Background**

When these cases were filed, and there appear to be several hundred in the NFU Group, they were deemed "related" under our Local Rule and assigned to the Honorable Paul Diamond. The undersigned had no involvement in any of these cases until the reassignment was made as of November 15-16, 2023. On December 5, 2023, the Chambers of Chief Sanchez advised the undersigned that two "bellwether" trials had been held in two of these cases: Mitchell v. City of Philadelphia, et al., Civil No. 14-6356 and Torain v. City of Philadelphia, et al., Civil No. 14-1643.

After these cases were reassigned, I promptly entered pretrial orders under Rule 16, and held a Rule 16 conference with counsel on January 5, 2024. Thereafter, Motions for Dismiss were filed by all Defendants on January 26, 2024.

As is obvious from the above dates, the incidents involved in all four of these cases took place approximately 15-17 years ago. The Complaints were filed over five to eight years ago.

Defendants assert that the Complaint should be dismissed as untimely under the applicable statute of limitations. However, if not subject to dismissal under the statute of

limitations, the Court is nonetheless concerned as to the ability of the police officer Defendants to adequately defend these cases when so much time has passed, through no fault of their own, with the great delay that has occurred in all of these cases. Three of these cases were in "suspense" for over six years. The fourth case was in "suspense" for over four years. Defendant police officers may be unduly prejudiced. Therefore, the Court will require Plaintiffs, in their response to the Motions to Dismiss, to assert any facts and/or legal arguments in opposition to the Motions to Dismiss, as may be appropriate—concerning this delay, in addition to the Plaintiffs' response as to the statute of limitations issue or the doctrine of laches—and any reasons why relief should not be granted on account of the delay. See the attached Order.

O:\CIVIL 16\16-609 Phillips v City\Memorandum on 4 NFU cases against City.docx