IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RASHEED PHILLIPS | : | CIVIL ACTION NO. |
| --- | --- | --- |
| v. | : | JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA | : | |
| and | : | NO. 16-609 |
| POLICE OFFICER JEFFREY WALKER (Badge No. 3730) Individually and as a Police Officer for the City of Philadelphia ET AL | : | |

**RESPONSE TO DEFENDANTS, CITY OF PHILADELPHIA
AND POLICE OFFICER MICHAEL E SPICER AND LIEUTENANT
OTTO'S, MOTIONS TO DISMISS
AND A RESPONSE TO THIS COURT'S JANUARY 31, 2024 ORDER
THAT PLAINTIFF ADDRESS THE POTENTIAL PREJUDICE
TO DEFENDANT OFFICERS CREATED BY JUDGE PAUL
DIAMOND'S PLACING PLAINTIFF'S CASE AND
NUMEROUS OTHERS IN SUSPENSE, WITHOUT THEIR
CONSENT, AND DESPITE NUMEROUS MOTIONS TO LIFT THE STAY
ALWAYS DENIED WITHOUT EXPLANATION OR DECISION**

Plaintiff, Rasheed Phillips, through his attorney, Margaret Boyce Furey, responds to Defendants Motions To Dismiss , as well as, this Court's Order that Plaintiff address how Defendant Officers are able to defend themselves with so much passage of time , which delay was not created nor sanctioned by Plaintiff, Phillips , who filed several Motions to Lift the Stay, always opposed by the City of Philadelphia and the Defendant Officers, except Defendant Walker, who proceeds pro se. Judge Paul Diamond always denied Plaintiff's Request to Lift the Court imposed Stay, not being swayed by the often repeated refrain " Justice Delayed Is Justice

Denied" as set forth in the Argument filed by the undersigned in Mills v City of Philadelphia, (14-593). Copy of One of the Motions filed in Mills is attached as Exhibit "A". Several other lawyers filed similar Motions To Lift the Stay, as well, with Judge Diamond, continuing to deny the Petition/Motion, thus, allowing the Stay to Continue, not even permitting discovery, As a result, at least a hundred cases were held captive under a case titled Mc Intyre v City, (13-2773). From the get go, the undersigned representing Plaintiff Phillips objected to the Stay and expressed a continuing objection throughout the many years this case and others were sitting in limbo ;through no fault of their own and without a means of escape.

This Court has expressed a concern for the Defendants ability to defend themselves with the passage of many years. This court has not expressed the same concern for the Plaintiffs, whose lives were destroyed by being prosecuted by Philadelphia Police Officers, who planted drugs and other evidence, obtained Search Warrants based on false statements and falsified evidenced. These defendant officers perjured themselves in Court, maliciously prosecuted Plaintiff and others for crimes of which they were innocent, placing them in jail and in Plaintiff's case, placing him on house arrest, followed by probation and giving him a felony conviction for Possession with Intent to Delivery, even though this charge was false, since Plaintiff did not Possess nor was he selling drugs when arrested and has no prior nor subsequent criminal record for this offense or any other. At the time of his arrest, Plaintiff was a Philadelphia Community College Student, who had to drop out of school because of this arrest and conviction. Other consequences were that his car was stolen/forfeited, his mother hired a private attorney expending money she really couldn't afford, fines were imposed, his reputation was damaged, he had difficulty finding employment, due to the felony conviction ; and he was left with thousands of dollars in student loans. This Court should be cognizant and concerned for the Constitutional Deprivations and Crimes that these rogue, corrupt officers committed against Plaintiff , who was and still is innocent of the drug charges of which he was accused. At the time of his arrest Plaintiff was only 19 years old and as a result of the false, perjured testimony presented at the Preliminary Hearing, plaintiff's Mother, who didn't want to see him in jail, urged Plaintiff to accept

the offer of House Arrest, which he did in order to avoid prison and with knowledge that the Officers perjury would result in conviction, in any event, and the trial would require money for a lawyer, which he didn't have.

As far as the Officers being deprived of an opportunity to defend themselves. This is not the case with the Defendant Officers, having many means to assist with their defense, including lawyers provided and paid for by the City. Any Judgment against them would be paid by Defendant City. ( except Defendant Walker, who the City has labeled a criminal), police paperwork immortalizing their encounter with Plaintiff, numerous opportunities to discuss the case with each other and other members of the Police Department and the City Law Department. Most importunately this Court should check the Docket and it will find no attempts by any of the Officers to Lift the Court imposed Stay. Instead the City, opposed each and every attempt by this and other Plaintiffs to Lift the Stays and Remove the Cases from Suspense. Any Judgment entered against the Defendant Officers, except Walker, who plead guilty and been sentenced for his Constitutional Violations towards citizens and his acceptance of responsibility for his crimes, serving his four (4) year Federal Sentence. In deposition testimony held in bellwether cases, Walker and other Defendant Officers have recall of the incidents associated with various arrests and testified from recollection and review of paperwork of the arrests.

This case is not subject to dismissal just because memories may have faded, particularly, since any delay, was not the fault of this Plaintiff, but was the fault of this District Court, with Judge Diamond imposing and, then, refusing to Lift the Stay he unilaterally imposed. Possible fading of memories is not a factor to consider by this Court in deciding a Motion To Dismiss and is not a factor that should enter into the decision making.

A Motion To Dismiss is a request that the court dismiss a complaint that a Plaintiff has filed against a defendant. Motions to Dismiss are supported by a Defendant's claim that a Complaint is inadequate or improper. There are various grounds for a Motion To dismiss, such as a lack of jurisdiction, failure to state a claim, improper venue, or improper service. The passage of time that might effect a Defendant's ability to defend himself is not cited as a reason for a Judge

to Dismiss a case, particularly when it was a Judge, who presides in that Court, imposed, without rhyme or reason, the Stay that lasted many years.

Defendants have raised certain Statute of Limitation Defenses, which have some merit but not all of the claims are eliminated as a result. Malicious Prosecution, Abuse of Process Claims, Conspiracy, and Fabrication and Falsification of Evidence are claims that Plaintiff can assert, since the two(2) year Statute of Limitations does not start to run until the Plaintiff's case has been overturned, exonerated or found not guilty. In this case, Plaintiff's case was filed within 2 years of the nol pros of his conviction, which occurred 11/20/2015. This Complaint was filed on 1/29/2016, well within the 2 Year Statute of Limitations.

Plaintiff has attached to this Response an Amended Complaint, urging this Court to Order the Clerk of Court to accept this First Amended Complaint as filed.

Respectfully Submitted,

*Margaret Boyce Furey* (signature)

Margaret Boyce Furey

Attorney for Plaintiff