# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHEED PHILLIPS | : CIVIL ACTION NO.: 2:16-cv-00609 |
| Plaintiff, | : |
| v. | : |
| CITY OF PHILADELPHIA, et al. | : |
| Defendants. | : |

## ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of the Motion to Dismiss of Officer Michael E. Spicer, and any response thereto, it is hereby **ORDERED** that Defendant's Motion to Dismiss is **GRANTED**. It is FURTHER ORDERED that:

1. Plaintiff's claims for unlawful arrest, false imprisonment, and unjustified search are **DISMISSED** with **PREJUDICE**;

2. Plaintiff's Amended Complaint is **STRICKEN** with **PREJUDICE**.

**BY THE COURT:**

_____
                                                                                                J.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHEED PHILLIPS | : CIVIL ACTION NO.: 2:16-cv-00609 |
| Plaintiff, | : |
| v. | : |
| CITY OF PHILADELPHIA, et al. | : |
| Defendants. | : |

## MOTION OF DEFENDANT, OFFICER MICHAEL E. SPICER, TO DISMISS AND MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

Defendant, Officer Michael E. Spicer, by and through his undersigned counsel, hereby files this Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Motion to Strike Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 15(a).

For the reasons asserted in the accompanying Memorandum of Law, Defendant respectfully requests that this Honorable Court Dismiss Plaintiff's unlawful arrest, false imprisonment, and unjustified search claims as time-barred and Strike Plaintiff's Amended Complaint.

MARSHALL DENNEHEY, P.C.

BY: _____
JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com
*Attorney for Defendant, Officer Michael E. Spicer*

Date: March 13, 2024

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEED PHILLIPS | : | CIVIL ACTION NO.: 2:16-cv-00609 |
| Plaintiff, | : | |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW OF DEFENDANT, OFFICER MICHAEL E. SPICER, IN SUPPORT OF THE MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Officer Michael E. Spicer (hereinafter "Moving Defendant"), by and through his counsel, Marshall Dennehey, P.C., respectfully moves to dismiss certain portions of Plaintiff's Complaint as time-barred and to strike Plaintiff's Amended Complaint.

## I.  RELEVANT BACKGROUND

### A) STATEMENT OF FACTS[1]

The genesis of this cause of action occurred over sixteen years ago when, on January 16, 2007, Plaintiff Rasheed Phillips was arrested for selling narcotics near his home at 704 Rockland Street, in Philadelphia. [ECF No. 1 at ¶¶7-11] He later admitted to the crime as part of a plea bargain to reduce the sentence he would have to serve. [Id., at ¶¶27-28]

Plaintiff now denies that he participated in drug trafficking, and alleges that the Police Officers – without specifying which Officers – proffered false accusations in order to make a false arrest in order to make overtime pay for appearing in court. [Id., at ¶33] Plaintiff claims that

---

[1] The statement of facts are drawn from the Plaintiff's Complaint and assumed true for the sake of this pleading. Should this Court somehow deny the Motion to Dismiss, the inclusion of the allegations in this Motion should not be read as an admission concerning the truth of the matters Plaintiff averred.

unspecified officers gave false statements and prepared paperwork purporting to misrepresent the events leading to the Plaintiff's arrest and plea bargain wherein he admitted to having committed the crime at issue. [Id., at ¶¶19; 26-30.]

Plaintiff alleges that for 20 years, officers in Philadelphia's narcotics unit engaged in a pattern of falsifying evidence, misusing confidential informants, falsifying search warrants, engaging in theft and other misconduct.. [Id., at 34.] As a consequence, the District Attorney's office no longer used certain officers as witnesses in narcotics cases, did not approve such cases for charges and no longer approved search warrants. [Id., at 37] Defendant Walker pled guilty to corruption and related charges and is currently incarcerated.[2]

On February 8, 2016, Plaintiff filed the Complaint in this case. [ECF No. 1] It contained eleven counts, asserting claims against City of Philadelphia and three present or former officers. [Id.] Counts I-IX were asserted against, *inter alia*, Officer Spicer. [Id.]

### B) STATEMENT OF PROCEDURAL HISTORY

On February 8, 2016, Plaintiff commenced this action. [ECF No. 1] Because this case was a claim related to the on-going litigation concerning Philadelphia Police Department's Narcotics Field Unit ("NFU"), it was ordered to be placed in the Civil Suspense File by Order dated February 9, 2016. [ECF No. 2]

On July 12, 2023, the parties were directed to report to the Court whether the matter could be dismissed. [ECF No. 6] On November 15, 2023, the Court entered an order directing the matter to be reopened and placed on the active docket. [ECF No. 7] On December 18, 2023, the Court directed the parties to confer and, *inter alia*, to file a joint status report. [ECF No. 11] The parties

---

[2] On May 14, 2015, four Philadelphia Police Officers, including Officer Spicer, were acquitted of every corruption charge brought against him. See, Judgments of acquittal for Officer Michael Spicer, EDPA Docket 14-412.-03 [ECF 507]

did so on January 3, 2024. [ECF No. 14] On January 26, 2024, Moving Defendant filed the Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 21] Pursuant to this Honorable Court's February 1, 2024, Order, Plaintiff was required to show cause as to why the present case should not be dismissed in light of the long delay from the filing of the Complaint. [ECF No. 23] On February 12, 2024, Plaintiff filed a Response to Defendant's Motion to Dismiss, and in doing so, attached a proposed Amended Complaint to the Response. [ECF No. 26]. On February 20, 2024, counsel for Co-Defendant, Lieutenant Robert Otto, filed a Reply to Plaintiff's Response to Co-Defendant's Motion to Dismiss. [ECF No. 28] Within the Reply, counsel for Co-Defendant, Lieutenant Robert Otto, indicated Co-Defendant's opposition to Plaintiff's request to amend. Id. Notwithstanding this objection, on March 6, 2024, Plaintiff filed the Amended Complaint. [ECF No. 29].

This is the Motion of Defendant, Officer Michael E. Spicer, to Strike Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 15(a) and to Dismiss portions of Plaintiff's Amended Complaint as time-barred.

## II. QUESTIONS PRESENTED

(1) Q: Whether this Honorable Court should dismiss plaintiffs claims against Moving Defendant for unlawful arrest, false imprisonment, and unjustified search, as they are beyond the applicable Statues of Limitations?

> **Suggested Answer: Yes.**

(2) Q: Whether this Honorable Court should Strike Plaintiff's Amended Complaint for failure to comply with Fed. R. Civ. P 15(a).

> **Suggested Answer: Yes.**

## III. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss all or part of an action for failure to state a claim upon which relief can be granted. In ruling on a motion under Rule 12(b)(6) motion, the court must accept as true all well pleaded factual allegations, and draw all reasonable inferences in favor of the plaintiff. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). The court "need not credit the non-movant's conclusions of law or unreasonable factual inferences." Curay-Cramer v. The Ursuline Academy of Wilmington, Delaware, Inc., 450 F.3d 130 (3d Cir. 2006) (citations omitted).

The court is to grant dismissal when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

Whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). A claim is plausible only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., 556 U.S. at 678; 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id., (internal cites and quotes omitted.) The plausibility standard requires more than a sheer possibility that a defendant is liable for the alleged misconduct, and this court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a

factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (internal citation and quotation marks omitted)).

IV. ARGUMENT

**A. Plaintiff's claims involving unlawful arrest, false imprisonment, and unjustified search should be dismissed as they are barred by the applicable Statue of Limitations.**

This Honorable Court is requested to dismiss those portions of the Complaint against Defendant Spicer which assert unlawful arrest, false imprisonment, unjustified search, and conspiracy (as it concerns the claims regarding unlawful arrest, false imprisonment, and unjustified search), because the complaint was filed well beyond the applicable statute of limitations.

Section 1983 has no statute of limitations of its own, but it borrows the underlying state's statute of limitations for personal-injury torts. Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); Randall v. City of Phila. Law Dep't, 919 F.3d 196, 198 (3d Cir. 2019). In Pennsylvania, the statute of limitations for personal injury is two years. 42 Pa.C.S. §§ 5524(1), (2), (7). Federal law, however, governs the accrual of the cause of action. Dique v. New Jersey State Police, 603 F.3d 181, 185–86 (3d Cir. 2010). Accrual is the occurrence of damages caused by a wrongful act, and is established "when a plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" Wallace v. Kato, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) (quoting Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997)). The statute of limitation begins to run when the plaintiff knew or should have known of the injuries upon which his claims are based. Sameric Corp. v. Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

A malicious prosecution claim began to run at the time the criminal prosecution is terminated. See, e.g., Heck v. Humphrey, 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed.2d 383

(1994). Thus, under Heck, a Plaintiff may not bring that claim until after the underlying criminal conviction has been overturned. Id. The two-year statute of limitations thus runs from the date the conviction is overturned in such actions. This is known as the deferred-accrual rule.

However, the statute of limitations on the claims for unlawful arrest and false imprisonment began to run at the time the plaintiff was detained, because those claims assert that Plaintiff was detained without legal process and the damages for those claims encompass only the "time of detention up until issuance of process or arraignment, but no more." Wallace v. Kato, 549 U.S. 384, 390, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Thus, the deferred-accrual rule under Heck is not applicable to those claims. Id., at 487, n.7.

Here, the Plaintiff was arrested on January 16, 2007. Plaintiff was arraigned on December 11, 2007, and accepted a plea bargain on May 16, 2008. The conviction was vacated on November 20, 2015.

Therefore, the statute of limitations on the plaintiff's unlawful arrest, false imprisonment claims expired two years after the Plaintiff's arraignment. While that date is not noted in the Complaint, the Court Docket indicated it was on December 11, 2007. Because Plaintiff failed to file his Complaint until September 27, 2016, those claims are clearly time-barred.

Similarly, Plaintiff's claim for unjustified search is also barred by the statute of limitations for the same reason. The search which Plaintiff complains about occurred on January 16, 2007, nine years before the complaint was filed and seven years after the statute of limitations expired.

The deferred-accrual rule under Heck does not apply to claims for illegal searches, even if the evidence recovered in the search helped aid in the Plaintiff's conviction. In Heck, the Court pointed out that the delayed-accrual rule applies when "a § 1983 suit for damages that would '*necessarily* imply' the invalidity of the fact of an inmate's conviction, or '*necessarily* imply' the

invalidity of the length of an inmate's sentence..." Nelson v. Campbell, 541 U.S. 637, 646, 124 S. Ct. 2117, 2124, 158 L. Ed. 2d 924 (2004) (emphasis). However, the Nelson Court noted that the Supreme Court was...

> ...careful in Heck to stress the importance of the term "necessarily." For instance, we acknowledged that an inmate could bring a challenge to the lawfulness of a search pursuant to § 1983 in the first instance, even if the search revealed evidence used to convict the inmate at trial, because success on the merits would not "necessarily imply that the plaintiff's conviction was unlawful." 512 U.S., at 487, n. 7, 114 S.Ct. 2364 (noting doctrines such as inevitable discovery, independent source, and harmless error).

Nelson, 541 U.S. at 647. Consequently, any unjustified search claims were time barred because the delayed-accrual rule does not apply. As a result, that claim must be dismissed as time barred.

The state-law claims for false imprisonment, conspiracy, intentional infliction, negligent infliction are also barred. "The following actions and proceedings must be commenced within two years: (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process." 42 Pa. C.S.A. § 5524; Ash v. Cont'l Ins. Co., 861 A.2d 979, 980-81 (2004), aff'd, 932 A.2d 877 (2007). See, also, Quiah v. Devereux Found., Inc., 303 A.3d 523, 528 fn.6 (Pa. Commw. Ct. 2023) (two year statute of limitation for conspiracy claim); M.R. Mikkilineni v. Amwest Sur. Ins. Co., 919 A.2d 306, 313 (Pa. Commw. Ct. 2007) (two year statute of limitations for negligent infliction of emotional distress claim); Bowser v. Guttendorf, 541 A.2d 377, 379 (1988) (two year statute of limitations for negligent infliction of emotional distress claim).

Consequently, these claims are all barred by the statute of limitations and should be dismissed.

**B. Plaintiff's Amended Complaint should be stricken because Plaintiff failed to comply with the requirements for amendment of a pleading pursuant to Fed. R. Civ. P. 15(a).**

The Plaintiff's Amended Complaint should be stricken due to their failure to adhere to the procedural requirements outlined in Fed. R. Civ. P. 15(a), as evidenced by their lack of request for leave to amend and opposition from Co-Defendant, Lieutenant Robert Otto. Pursuant to Fed. R. Civ. P. 15(a):

(1) *Amending as a Matter of Course*: a party may amend its pleading once as a matter of course no later than:

    (A) 21 days after serving it, or,
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Additionally, while leave to amend shall be freely given pursuant to F.R.C.P. 15(a), leave to amend a complaint is not permitted when such amendment will cause undue delay, is sought in bad faith, will cause undue prejudice , or is futile . See Forman v. Davis, 371 U.S. 178, 182 (1962).

In the present case, Plaintiff's Amended Complaint should be stricken because Plaintiff failed to comply with the requirements set forth in Fed. R. Civ. P. 15(a). At no point during the present litigation did Plaintiff request this Honorable Court grant leave to amend the Complaint. Not only this, counsel for Co-Defendant, Lieutenant Robert Otto, directly opposed Plaintiff's request to amend in Co-Defendant's Reply to Plaintiff's Response to their Motion to Dismiss. [ECF No. 20]

## V. RELIEF REQUESTED

For all of the foregoing reasons, Defendant, Officer Michael E. Spicer, respectfully requests that this Honorable Court Strike Plaintiff's Amended Complaint and dismiss Plaintiff's unlawful arrest, false imprisonment, and unjustified search claims, with prejudice.

                                                 **MARSHALL DENNEHEY, P.C.**

BY: _____
JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-2871 Fax (215) 575-0856
Email:  jpgonzales@mdwcg.com
*Attorney for Defendant, Officer Michael E. Spicer*

Date:  March 13, 2024

# CERTIFICATE OF SERVICE

      I, John P. Gonzales, Esquire hereby certifies that a true and correct copy of the foregoing Motion to Dismiss and to Strike Plaintiff's Amended Complaint, was electronically filed with the Court this date and is available for viewing and downloading from the ECF System.

                                      **MARSHALL DENNEHEY, P.C.**

                BY: _____
                                      JOHN P. GONZALES, ESQUIRE
                                      Attorney ID No. 71265
                                      2000 Market Street, Suite 2300
                                      Philadelphia, PA  19103
                                      (215) 575-2871 Fax (215) 575-0856
                                      Email:  jpgonzales@mdwcg.com
                                      *Attorney for Defendant, Officer Michael E. Spicer*

Date:  March 13, 2024