**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RASHEED PHILLIPS | : | |
| | : | |
| v. | : | NO: 16-cv-0609 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**MOTION TO STRIKE AND PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ON BEHALF OF DEFENDANT, ROBERT OTTO**

Defendant, Robert Otto, by and through his attorneys, Bennett, Bricklin & Saltzburg LLC, moves to strike and partially dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 15(a), and avers as follows in support of his motion:

1. In this civil rights matter, Plaintiff, Rasheed Phillips, seeks to recover from three named police officer defendants and the City of Philadelphia based on his arrest on January 16, 2007, and subsequent prosecution. See Exhibit A, Amended Complaint.

2. The Amended Complaint should be stricken in accordance with Federal Rule of Civil Procedure 15(a) because it was filed before Plaintiff obtained leave to file an amended complaint and after Defendant, Robert Otto, filed an opposition to Plaintiff's request for leave to file an amended complaint as both prejudicial and futile.

3. Additionally and alternatively, Plaintiff's claims for section 1983 Fabrication of Evidence (Count III) and state law Fabrication of Evidence (Count IV) should be dismissed because the Amended Complaint lacks factual allegations sufficient to support those claims.

**WHEREFORE**, Defendant, Robert Otto, respectfully requests that his Motion be **GRANTED**, and that (1) Plaintiff's Amended Complaint be **STRICKEN**, and (2) that Counts III and IV of Plaintiff's Amended Complaint be **DISMISSED** in their entirety with prejudice.

Respectfully submitted,

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: ______________________________

NICHOLAS A. CUMMINS
Attorney I.D. No. 203238
ALEXANDER D. TORRES
Attorney I.D. No. 324478
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(215) 665-3328
(215) 561-6661 (fax)
cummins@bbs-law.com
torres@bbs-law.com
Attorneys for Defendant, Robert Otto

Date: March 18, 2024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RASHEED PHILLIPS | : | |
| | : | |
| v. | : | NO: 16-cv-0609 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**BRIEF IN SUPPORT OF MOTION TO STRIKE AND PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ON BEHALF OF DEFENDANT, ROBERT OTTO**

Defendant, Robert Otto, by and through his attorneys, Bennett, Bricklin & Saltzburg LLC, moves to strike and partially dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 15(a), and submits this brief in support of his motion.

## I. SUMMARY OF ARGUMENT

In this civil rights matter, Plaintiff, Rasheed Phillips, seeks to recover from three named police officer defendants and the City of Philadelphia based on his arrest on January 16, 2007, and subsequent prosecution. See Exhibit A, Amended Complaint. The Amended Complaint was filed before Plaintiff obtained leave to file it and after Defendant, Robert Otto (hereinafter the "Moving Defendant"), objected to Plaintiff's request for leave to do so. Therefore, Plaintiff's Amended Complaint should be stricken pursuant to Federal Rule of Civil Procedure 15(a). Additionally and alternatively, Plaintiff's claims for section 1983 Fabrication of Evidence (Count III) and state law Fabrication of Evidence (Count IV) should be dismissed because the Amended Complaint lacks factual allegations sufficient to support those claims.

## II. RELEVANT BACKGROUND

In this matter, Plaintiff, Rasheed Phillips seek to recover for the alleged violation of his civil rights following his arrest on January 16, 2007. See Exhibit A, Complaint. Plaintiff's Amended

Complaint alleges that on this date, he was the subject of a motor vehicle stop by defendants Walker and Spicer outside of his home on Rockland Street in Philadelphia. Id. at ¶¶ 7-9. Plaintiff alleges that Officers Walker and Spicer searched plaintiff and his car, but discovered no drugs or money. Id. at ¶ 10. Plaintiff claims that Officers Walker and Spicer nevertheless arrested plaintiff for assorted drug related violations. Id. at ¶ 11. Plaintiff alleges that there was no probable cause for the stop, search or arrest, and that he was never in possession of any drugs. Id. at ¶¶ 12-16.

Plaintiff alleges that he was held in a cell for two days (i.e. until January 18, 2007), when he was released on bail. Id. at ¶ 17. Plaintiff thereafter pled guilty to drug related charges, and was sentenced to a period of house arrest on May 16, 2008. Id. at ¶¶ 19, 27. Plaintiff alleges that he later filed a petition to *nolle pros* the charges against him, and that the petition was granted on November 20, 2015. Id. at ¶ 30.

Plaintiff alleges that the criminal charges at issue were prosecuted under docket number CP-51-CR-0013828-2007. Id. at ¶ 28. Plaintiff has produced the criminal docket report for these charges which provide the following relevant dates:

- Arrest: January 16, 2007;
- Bail Set: January 18, 2007;
- Preliminary Hearing: November 20, 2007;
- Guilty Plea: May 16, 2008;
- Post Conviction Relief Act Petition Granted: November 20, 2015; and
- Charges *Nolle Prosequi*: November 20, 2015.

See Exhibit B, Criminal Dockets[1].

[1] In deciding a motion to dismiss, the Court may consider items of public record, including court filings. Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

Plaintiff filed his Complaint on February 8, 2016, more than nine years after the original arrest (ECF No. 1). Because the case was related to the ongoing litigation concerning the Philadelphia Police Department's Narcotics Field Unit (hereinafter the "NFU"), it was ordered to be placed in the Civil Suspense File by Order dated February 9, 2016 (ECF No. 2). After the parties filed a joint status report at the request of the Court on or about January 3, 2024 (ECF No. 14), the Moving Defendant filed a Partial Motion to Dismiss Plaintiff's Complaint on January 18, 2024 (ECF No. 19). On February 12, 2024, Plaintiff filed a Response to all Defendants' Motions to Dismiss, attaching a proposed Amended Complaint, which Plaintiff sought leave to file (ECF No. 26). The Moving Defendant filed a reply brief in support of his Partial Motion to Dismiss on February 20, 2024, and objected to Plaintiff's request for leave to file the proposed Amended Complaint (ECF No. 28). Notwithstanding the Moving Defendant's objection, and before the Court ruled on Defendants' Motions to Dismiss or Plaintiff's request for leave to file an amended complaint, Plaintiff filed the Amended Complaint on or about March 6, 2024. See Exhibit A.

## III. ARGUMENT

### A. Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for the dismissal of a claim for the "failure to state a claim for which relief can be granted" through a pre-pleading motion. Fed. R. Civ. Pro. 12(b)(6). To survive a motion to dismiss, a complaint must allege facts that adequately set forth each of the essential elements of a cause of action. Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir. 1996). Although the Court must accept all well-pleaded factual allegations contained in the complaint, it need not credit bare allegations, conclusory assertions or unwarranted factual inferences. Maio v. Aetna, Inc., 221 F.3d 472, 485 n.12 (3d Cir. 2000); Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997); Kost v. Kozakiewwicz, 1 F.3d 176, 183 (3d Cir.

1993); Perry v. Grant, 775 F.Supp. 821 (M.D. Pa. 1991). Bald assertions and conclusions of law will similarly not survive a motion to dismiss. Gardiner v. Mercyhurst College, 942 F.Supp. 1050, 1052 (M.D. Pa. 1995). In short, the complaint's "[f]actual allegations **must be enough to raise a right to relief above the speculative level**..., on the assumption that all the allegations in the complaint are true (even if doubtful in fact)...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (U.S. 2007) (emphasis added, citations omitted). "Where a complaint pleads fact that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting, Twombly, 550 U.S. at 557, 127 S.Ct. at 1955). In deciding a motion to dismiss, the Court may consider items of public record, including court filings. Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

**B.      Plaintiff's Amended Complaint Should be Stricken Pursuant to Federal Rule of Civil Procedure 15(a).**

The Amended Complaint should be stricken due to Plaintiff's failure to comply with Federal Rule of Civil Procedure 15(a). That Rule allows a party to amend its pleading as a matter of course no later than 21 days after the service of a motion to dismiss is filed. Fed. R. Civ. P. 15(a)(1)(B). The Moving Defendant filed his Partial Motion to Dismiss on January 18, 2014 (ECF No. 19). Therefore, Plaintiff had until February 8, 2020 to file an amended complaint as a matter of course. After that date, Plaintiff needed to either obtain "the opposing party's written consent or the court's leave" in order to file an amended complaint. Fed. R. Civ. P. 15(a)(2). While Plaintiff sought leave to file an amended complaint, the Moving Defendant objected to this request in a reply brief supporting his Partial Motion to Dismiss, and the Court never granted Plaintiff leave to file an

Amended Complaint. Therefore, Plaintiff failed to comply with Rule 15(a) and the Amended Complaint should be stricken.

Plaintiff's failure to comply with Rule 15 is more than simply a procedural failing. Under Rule 15, a court has the discretion to "deny leave to amend on the grounds that amendment would cause undue delay or prejudice, or that amendment would be futile." Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000) (citations omitted). The Moving Defendant opposed the proposed amendment on futility and prejudice grounds. Rather than allow the Court to consider these objections, Plaintiff simply filed the amended complaint. The futility of the proposed amendment is discussed in the motion to dismiss section below. Aside from futility, the fabrication of evidence claim prejudices the defendants.

A cause of action for fabrication of evidence under section 1983 accrues when the criminal charges against the plaintiff are terminated in his favor. McDonough v. Smith, -- U.S. ---, 139 S. Ct. 2149, 2154-55 (2019) (fabrication of evidence cause of action accrues on date of favorable termination). Thus, the statute of limitations on a fabrication of evidence claim expired on November 20, 2017. Plaintiff's original Complaint, filed in February 8, 2016 did not include a fabrication of evidence claim. That claim was not included until the Amended Complaint was filed on March 6, 2024, more than six years after the statute of limitations expired.

The falsification of evidence claims have been added seventeen years after the events in question occurred and eight years after the statute of limitations expired. Plaintiff has not cited any new discovery that prompted the new claims for fabrication of evidence. In fact, the Amended Complaint contains the same exact factual allegations as the original Complaint. Instead, the Amended Complaint asserts the same allegations to not only claim that Defendants prosecuted Plaintiff without probable cause, but also that they falsified evidence against Plaintiff. It is

inherently unfair to allow amendment of a complaint to assert a new cause of action seventeen years after the events in question and eight years after the statute of limitations expired. The extensive passage of time and fading of memories present substantial hurdles to defending a claim presented so far removed from the events in question, and so far beyond the statute of limitations. This is particularly true where Plaintiff proffers no explanation as to why this claim was not asserted in the original Complaint, and the Amended Complaint asserts no new facts learned in the time since suit was filed. Thus, Defendants are prejudiced by the Amended Complaint's inclusion of claims that Plaintiff could have asserted, but failed to assert, almost a decade ago. For these reasons, the Amended Complaint should be stricken.

### C. Plaintiff's Falsification of Evidence Claims Should be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6).

Even if the Amended Complaint were procedurally proper, Plaintiff's federal and state falsification of evidence claims at Counts III and IV of the Amended Complaint should be dismissed because the Amended Complaint fails to plead facts sufficient to support those claims.

To satisfy the federal pleading standards, the complaint must set out sufficient factual allegations to raise plaintiff's right to relief above the speculative level. In so doing, the plaintiff may not rely on conclusory allegations and the threadbare recital of the elements of the claims at issue. Maio, 221 F.3d at 485 n.12; Morse, 132 F.3d at 906; Kost, 1 F.3d at 183. "All civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (citations omitted). The Amended Complaint fails to meet this standard with regard to a proposed fabrication of

evidence claim.

"A fabrication of evidence claim requires a plaintiff to prove that (a) officers offered testimony or evidence that they knew was false but offered the evidence in bad faith, and (b) that the fabricated evidence was 'so significant that it could have affected the outcome of the criminal case.'" Whitaker v. City of Phila., 2021 U.S. Dist. LEXIS 232522, at *12 (E.D. Pa. Dec. 6, 2021) (quoting Halsey v. Pfeiffer, 750 F.3d 273, 295 (3d Cir. 2014)). The plaintiff must demonstrate "a reasonable likelihood that, absent the fabricated evidence, the defendant would not have been criminally charged." Boseman v. Upper Providence Twp., 680 Fed. Appx. 65, 69 (3d. Cir. Feb. 27, 2017) (citation and internal quotation marks omitted). The Third Circuit has noted that there are "hurdles facing a plaintiff alleging a due process violation for fabrication of evidence." Boseman, 680 Fed. Appx. at 69 (citation and internal quotation marks omitted). "A plaintiff must demonstrate a 'meaningful connection' between the injury and the use of fabricated evidence." Id. at 69-70 (citing Black v. Montgomery Cnty, 835 F.3d 358, 371 (3d Cir. 2016)). The allegedly fabricated evidence must also be "so significant that it could have affected the outcome of the criminal case." Id. "[T]estimony that is incorrect or simply disputed" is not considered to be fabricated, and courts "look for allegations describing such evidence in a pleading designed to survive a motion to dismiss." Id. (citation and internal quotation marks omitted).

In this case, the Amended Complaint does not contain alleged facts supporting a claim for fabricated evidence. Instead, it contains only conclusory allegations that Defendants fabricated evidence. While Plaintiff alleges that he was asked about drugs and money and that no such drugs or money were found, there are no allegations setting out what evidence was allegedly fabricated, or how the fabricated evidence effected the charging decision. As a result, the pleadings do not establish a "meaningful connection between the injury and the use of fabricated evidence," nor do

they show anything beyond a potential disagreement regarding the accuracy of the (unidentified) testimony or the contents of the police paper (which is also not identified). Id. (citation and internal quotation marks omitted).

Further, Plaintiff has not pled any facts to support a fabrication of evidence claim against the Moving Defendant, individually. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat* superior." Rode v. Dellaricprete, 845 F.2d 1195, 1207 (3d Cir. 1988). To plead a viable section 1983 claim, a plaintiff must "make[] sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or *actual knowledge of* and acquiescence in the wrongful conduct." Chavarriaga v. N.J. Dept. of Corrections, 806 F.3d 210, 222 (3d Cir. 2015) (citations omitted, emphasis added). When the complaint "fail[s] to explain… [the defendant's] involvement in any alleged constitutional violation, the court must dismiss [the] claims against them." Moore v. Russell, 2023 U.S. Dist. LEXIS 149816 at *13 (E.D. Pa. Aug. 25, 2023).

In this case, the Amended Complaint contains no averments setting forth evidence that was fabricated by the Moving Defendant. Indeed, the sum total of the allegations against him on this subject are that, he asked Plaintiff where the drugs and money were located, that Plaintiff denied knowing about drugs or money, and that "as the supervisor of the defendant police officers, [he] knew or had reason to know that defendants Walker or Spicer did not find drugs or delivery of drugs on plaintiff, were lodging false charges against plaintiff, and were fabricating evidence and falsifying paper work and committing perjury in order to convict an innocent person." See Ex. A at ¶¶ 13-14, 25. Such conclusory allegations are insufficient under Iqbal to satisfy the federal pleading standards. Iqbal, 556 U.S. at 680-81 (allegations that official "knew of, condoned, and willfully and malicious agreed to subject him" to harsh conditions of confinement as a matter of policy was conclusory, and

insufficient to support a well-pleaded claim). Furthermore, simply questioning Plaintiff about the location of drugs and money does not suggest that the Moving Defendant fabricated or falsified any evidence. As such, Plaintiff has failed to plead a viable direct claim against the Moving Defendant for fabrication of evidence, rendering the fabrication of evidence claims at Counts III and IV of the Amended Complaint insufficiently pled.

## IV. CONCLUSIONS

Defendant, Robert Otto, respectfully requests that his Motion be **GRANTED**, and that (1) Plaintiff's Amended Complaint be **STRICKEN**, and (2) that Counts III and IV of Plaintiff's Amended Complaint be **DISMISSED** in their entirety with prejudice.

Respectfully submitted,

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: ______________________________

NICHOLAS A. CUMMINS
Attorney I.D. No. 203238
ALEXANDER D. TORRES
Attorney I.D. No. 324478
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(215) 665-3328
(215) 561-6661 (fax)
cummins@bbs-law.com
torres@bbs-law.com
Attorneys for Defendant, Robert Otto

Date: March 18, 2024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RASHEED PHILLIPS | : | |
| | : | |
| v. | : | NO: 16-cv-0609 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**ORDER**

AND NOW, on this ________ day of ___________________, 2024, upon consideration of the Motion of Defendant, Robert Otto, to strike and partially dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 15(a), and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED, AND:

1) Plaintiff's Amended Complaint is STRICKEN; and

2) Counts III and IV of Plaintiff's Amended Complaint are DISMISSED with prejudice.

**BY THE COURT:**

________________________________

Michael M. Baylson, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RASHEED PHILLIPS | : | |
| | : | |
| v. | : | NO: 16-cv-0609 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Motion to Dismiss was served on all interested counsel on this date by way of electronic filing with the Court.

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: ______________________________________

NICHOLAS A. CUMMINS
Attorney I.D. No. 203238
ALEXANDER D. TORRES
Attorney I.D. No. 324478
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(215) 665-3328
(215) 561-6661 (fax)
cummins@bbs-law.com
torres@bbs-law.com
Attorneys for Defendant, Robert Otto

Date: March 18, 2024

# EXHIBIT A

To Motion to Dismiss by defendant, Robert Otto
Rasheed Phillips v. City of Philadelphia, et al.,
No. 16-cv-609

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RASHEED PHILLIPS

v.

CITY OF PHILADELPHIA

and

POLICE OFFICER JEFFREY WALKER
(Badge No. 3730)
Individually and as a Police Officer
for the City of Philadelphia

and

POLICE OFFICER MICHAEL
E. SPICER
(Badge No. 7169)
Individually and as a Police Officer
for the City of Philadelphia

and

LIEUTENANT ROBERT OTTO
Individually and as a Police Lieutenant
for the City of Philadelphia

CIVIL ACTION NO.

JURY TRIAL DEMANDED

NO. 16-609

## COMPLAINT

## JURISDICTION

I. This is an action brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania, against the City of Philadelphia and against the City of Philadelphia Police Officers in their individual capacities. Plaintiff invokes the pendent jurisdiction of this Court provided by 28 U.S.C. §1367 to hear and decide claims under State law.

## PARTIES

2. Plaintiff is Rasheed Phillips, an adult male, who is and was at all material times a resident of Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, at all times pertinent hereto, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the defendant Police Officers.

4. Defendant, Police Officer Jeffrey Walker (Badge No. 3730), was at all times relevant to this action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

5. Defendant, Police Officer Michael E. Spicer (Badge No. 7169), was at all times relevant to this action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

6. Defendant, Lieutenant Robert Otto, was at all times relevant to this action a participant in the illegal actions; was the supervising Officer of the Narcotics Strike Force, in which co-defendants \Valker and Spicer were members; and was responsible for their supervision, training and monitoring. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

**FACTS**

7. On or about January 16, 2007, atapproximately6:00P.M. plaintiff and a neighbor, Hondo Jackson, had walked home from a store and got into Plaintiffs 1989 Crown Victoria vehicle parked behind a house plaintiff shared with his mother at 704 Rockland Street, Philadelphia, Pa., when almost immediately defendants Walker and Spicer, driving an unmarked SUV with tinted windows and headlights out, parked behind the 1989 Crown Victoria , preventing the Crown Victoria from moving..

8. Almost immediately upon stopping, the defendant Officers, Walker and Spicer, both in

street clothes with guns drawn, jumped out of the SUV, not identifying themselves as Police Officers, and demanded that plaintiff and his passenger, Jackson, tell the defendant Officers about the drugs and money, demanding to know where they both were.

9. Upon hearing the demands, plaintiff informed both defendant Officers, Walker and Spicer, that he did not know what they were talking about since plaintiff had no money or drugs.

10. As plaintiff and his passenger got out of the car at gun, the defendant Officers, Walker and Spicer, still with guns drawn, approached them, still demanding drugs and money and proceeded to search plaintiff and plaintiff's car, but discovered neither money nor drugs.

11. Despite finding neither money nor drugs, the defendant Officers called for reinforcements, resulting in other Officers appearing at the scene, whereupon plaintiff and his passenger were arrested for alleged manufacture/delivery/possession with intent to manufacture or deliver, conspiracy and intentionally possessing a controlled substance by a person not regulated, 2 felonies and a misdemeanor, 35 § 780-113 §§ A30, 18 § 903 §§ Al, and 35 § 780 §§ A16 (MC-51- CR-0002913-2007 and after a preliminary hearing, was held for Common Pleas Court at CP-51-CR- 0013828-2007).

12. After his arrest, plaintiff was taken to the 35th Police District in the SUV driven by defendant Spicer, while defendant Walker drove plaintiffs Crown Victoria, obtaining neither a search warrant for the vehicle nor providing a property receipt for the car.

13. That at the 35th Police District plaintiff was met by defendant Otto, who, like the co-defendant Officers Walker and Spicer, demanded to know where the drugs and money were, since defendant Otto was aware that neither had been found on plaintiff nor in his vehicle.

14. That plaintiff responded to defendant Otto's demands for drug information as he had previously responded to defendants, Walker and Spicer, that he (plaintiff) did not know what they were talking about. denying knowledge of drugs.

15. That defendant Otto was aware from Defendants, Walker and Spicer that no drugs were found in this incident , as well as the fact ,that the defendant Officers had no probable cause for the unconstitutional stop and search of plaintiff and plaintiff's car.

16. At the 35th Police District, when plaintiff inquired what he was being held for, the three Officer defendants informed him he was being arrested for crack cocaine, even though neither crack cocaine nor any other drugs were found on Plaintiff nor in his vehicle in the illegal search.

17. After two days locked in a cell at the 35th District, plaintiff was released on bail in the amount of $7,500.00, 10% posted on his behalf by a cousin.

18. Initially, plaintiff was represented by a court appointed attorney, but after the preliminary hearing, plaintiffs mother hired an attorney, Amato T. Sanita, to represent plaintiff.

19. After plaintiff's passenger, Hondo Jackson, was found guilty on the perjured testimony of defendant Officers and was sentenced to a term of imprisonment, plaintiff's attorney advised plaintiff to plead guilty to the charges in return for a plea agreement of 6 months house arrest, 4 years of probation and community service, to which plaintiff agreed in order to avoid a period of incarceration.

20. That because of the false accusations of drug dealing, plaintiffs Crown Victoria, for which plaintiff had paid the sum of approximately $1,800.00, was forfeited; he had to pay $350.00 for home monitoring; paid $225.00 towards a fine; and was unable to work or continue his education at Philadelphia Community College.

21. That after the 6 months of house arrest, plaintiff did not return to college, believing that with a felony conviction he would be unable to obtain a job in the health care field, particularly nursing.

22. Also. because of the felony conviction, plaintiff had difficulty obtaining a job even though he was a high school graduate with some college credits.

23. After his conviction for over 7 years, plaintiff was only able to obtain low paying jobs because of his felony criminal record.

24. The plaintiff did not commit the crimes for which he was arrested, charged and convicted, and of which defendant Officers knew he was innocent, but perjured themselves in order to get extra money and arrests.

25. Defendant, Lieutenant Otto, as the supervisor of the defendant Police Officers, knew or had reason to know that defendants Walker and Spicer did not find drugs or delivery of drugs on plaintiff, were lodging false charges against plaintiff, and were fabricating evidence and falsifying paper work and committing perjury in order to convict an innocent person.

26. Prior to or subsequent to his arrest, plaintiff had no criminal records, juvenile or adult, and since the arrest, subject of this civil rights suit, plaintiff has not been convicted of any crimes, with the May 16, 2008 sentencing in this case being plaintiffs only conviction and sentencing for a crime of which Plaintiff was innocent.

27. Plaintiff entered into a negotiated guilty plea in this case, not because plaintiff was guilty of the charges, but in order to avoid a prison sentence and because at the time Plaintiff was only 19 years of age took the advice of his attorney, who recommended a plea deal to avoid prison.

28. Plaintiff was innocent of the charges of which he plead guilty in CP-51-CR-0013828-2007, but wanted to avoid a prison sentence that could have been imposed by the Court following a trial at which defendants Walker, Spicer and Otto would have presented false and perjured testimony accusing plaintiff of crimes plaintiff did not commit.

29. Plaintiff knew the defendant Officers would present false testimony since false perjured testimony was presented at the preliminary hearing.

30. As a result of defendant Walker's criminal conviction in the Federal Court on numerous counts of civil rights violations, false arrests, incarcerations, perjury and fraudulent incarcerations, and defendant Spicer, being likewise charged by the United States Attorney's Office for similar civil rights violations, perjury, etc., albeit the jury found insufficient evidence for a criminal conviction, plaintiff filed a petition to nolle pros the criminal charges at CP-51-CR-0013828-2007, which on November 20, 2015, was granted by the Honorable Sheila Woods-Skipper of the Court of Common Pleas of Philadelphia Count

31. This illegal arrest and prosecution is still on the First Judicial District of Pennsylvania Court Summary and Docket.

32. Plaintiff was falsely accused of the drug charges since he neither possessed, attempted to sell drugs. or sold drugs, as defendant Officers alleged.

33. None of the accusations against plaintiff were true but were made for the sole purpose of making a false arrest, false imprisonment and fraudulent prosecution in order to make overtime pay appearing in court and reaping a financial gain for the illegal and false arrest and prosecution.

34. For more than 20 years, Philadelphia Police Officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentations, falsifying or misusing what are known as confidential informants, who either do not exist or lie for the police, falsifying search warrants and their execution, falsifying evidence, the destruction and theft of personal property and related misconduct, accusing citizens of crimes of which they me factually innocent , stealing property, stopping citizens without probable cause, and otherwise engaging in corrupt and illegal activities.

35. The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

36. That because of plaintiff's false arrest and incarceration, he was deprived of the companionship of his family and friends.

.37. The Philadelphia District Attorney's Office no longer calls defendant Walker and some and/or all of the defendant Officers as witnesses in narcotics cases; no longer approves narcotic cases for charging in which some and/or all of the defendant Officers were a necessary witness; and no longer approves any search or arrest warrants in narcotics cases when imprisoned Officer Walker and/or all or some of the defendant Officers were the affiants.

38. Defendant Walker has pleaded guilty to corruption, perjury and other related charges and constitutional violations and h:ls admitted to Constitutionally depriving behavior..

39. More specifically, the District Attorney of Philadelphia now refuses to prosecute or charge cases or approve any search or arrest warrant in which defendant Jeffrey Walker and/or all of the other defendant Officers were involved.

40. This decision rested on knowledge that some and/or all of the defendant Officers in this

matter had engaged in conduct raising questions about their integrity and lawfully enforcing the law while on duty.

41. *At* the time of this incident, and for some years before, law enforcement at the highest levels knew of integrity, corruption, and civil rights violation issues involving some and/or all of the defendant Officers. Federal agents and Federal prosecutors knew. The current Philadelphia Police Commissioner, his predecessors, and some of his subordinates, knew. Former District Attorney Lynn Abraham and some of her subordinates, as well as her successor in office, knew. The basis of this knowledge was information from multiple sources, including, but not limited, to Federal investigations, questions raised by members of the District Attorney's Office, State and Federal prosecutors and other sources.

42. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; the right TO be free from excessive force; the right to be free from malicious prosecution: and the right to due process of law. Plaintiff was deprived of the right not to be a victim of conspiracies by State actors to violate the aforementioned clearly established rights.

43. The actions or inactions of defendants violated clearly established rights.

44.. All actions taken by defendants in this matter were taken under color of State law.

45. As a direct and proximate result of the action or inaction of defendants, plaintiff suffered physical pain, loss of liberty, ai 1xiety, fear, mental ham1, loss of parental rights and financial loss.

46. As a direct and proximate result of the actions and/or inactions of the defendants, plaintiff was and is deprived of rights, privileges and immunities under the Fourth, Fifth, Sixth and Fourteenth Amendment to the United Stales Constitution, as well as parallel provisions of the Pennsylvania Constitution. and in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law. Plaintiff was similarly deprived of the right not to be a victim of conspiracies of State actors to violate the aforementioned clearly established rights. Plaintiff was maliciously prosecuted by officers , who fabricated and falsified

evidence against him, as well as presenting perjured testimony at Plaintiffs Preliminary Hearing.

47. The actions and/or inactions of the defendants violated the clearly established Federal and State constitutional rights of the plaintiff to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law.

**COUNTI**

**42 U.S. C. 1983 against Defendant Officers**

***MALICIOUS PROSECUTION***

48. Paragraphs I through 47 are incorporated by reference as though fully set forth herein at length.

49. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers acted with the intent to arrest plaintiff unlawfully, without probable cause, and against plaintiff's will, and prosecute him with malice, knowing Plaintiff did not commit the crimes for which he was being prosecuted.

50. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT II**

**Supplemental State Law Claim Against Defendant Officers**

***MALICIOUS PROSECUTION***

51 Paragraphs 1 through 50 are incorporated by reference as though fully set forth herein at length.

52. Plaintiff was damaged and injured as set forth above by defendant Officers in that they

as described in detail in preceding paragraphs violated plaintiffs constitutional rights , instituting criminal proceedings against plaintiff without probable cause and with malice and where such proceedings were terminated in favor of the Plaintiff.

53. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988 and such other relief, as appears reasonable and just.

**COUNTIII**

**42 U.S. C. § 1983 against Defendant Officers**

**FABRICATION OF EVIDENCE**

54. Paragraphs I through 53 are incorporated by reference as though fully set forth herein at length.

55. As a result of the falsifying evidence and presenting this evidence **in** a criminal case and claiming falsely that Plaintiff was involved in possession manufacturing and delivery of a controlled substance, knowing none of which was true and which alleged drugs/controlled substance was never owned, possessed, distributed nor under the control of plaintiff., plaintiff was caused to be arrested, incarcerated, placed w1der house arrest, placed on probation, maliciously prosecuted and his reputation and standing in the community was ruined and his life was interrupted and otherwise ruined by falsified evidence, perjury and lies.

56. Defendant Officers falsified evidence in order to get a conviction, look good in the eyes of supervisors and Police Department Hierarchy and enrich themselves with overtime pay while attending court, a common practice in the Philadelphia Police Department.

57. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and pW1itive damages, plus interest,

injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §I 988.

**COUNTIV**

**STATE LAW CLAIM**

**FABRICATION OF EVIDENCE**

58. Paragraph I through 56 are incorporated by reference as though fully set forth herein at length.

59. It is a violation of Pennsylvania State Law and its Constitution for law enforcement to use fabricated and false evidence, a violation of due process and equal protection to convict a citizen of a crime they did not commit and are actually innocent.

60. Plaintiff did not commit and was, in fact, innocent of the crimes that the Defendant Officers accused him of committing and Defendant Officers are liable to Plaintiff for the fabrication of evidence as set forth in the above paragraphs of this complaint.

61. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988 and such other relief, as appears reasonable and just.

**COUNT VI**

**42 U.S.C. §1983 against Defendant Officers**

***CONSPIRACY***

62.. Paragraphs I through 61 are incorporated by reference as though fully set forth herein at length.

63. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania. The defendant Officers acted in conspiracy to violate plaintiffs constitutional rights as stated in the above paragraphs. and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct. Such actions were the direct and proximate cause of plaintiffs harm.

. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT VII**

**Supplemental State Law Claim Against Defendant Officers**

*Conspiracy*

64. Paragraphs 1 through G3 are incorporated by reference as though fully set forth herein at length.

65. Defendant Officers, acting in concert and conspiracy, committed acts in violation of Plaintiff's constitutional rights and the laws of Pennsylvania. The defendant Officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

61. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT VIII**
**42 U.S.C. §1983 against Defendant City of Philadelphia**

62. Paragraphs 1 through 61 are incorporated by reference as though fully set forth herein at length.

63. Plaintiff was damaged ,111d injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. The City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of plaintiff's rights.

64. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress.

65. It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or retrain against, and discipline against illegal police activity, including, but not limited, to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, assault and battery, false imprisonment and infliction of emotional distress.

66. There has been a longstanding history, which has been extensively documented since the 1980s of Philadelphia Police Officers engaging in rampant illegal conduct in narcotics investigations. A non-exhaustive list of such conduct includes:

a.     In the early 1980s. in the "One Squad Scandal," a group of Philadelphia narcotics Officers were convicted of selling drugs that they had stolen from dealers.

b.     During the decade between 1980-1989, a Lieutenant and three Officers from another drug unit, the "Five Squad," engaged in conduct including the theft of drugs and over $250,000.00 that resulted in Federal convictions for, inter alia, racketeering.

c. In or around February 1995, Philadelphia Police Officer John Baird and five other members of the 3'ith Police District were federally prosecuted and ultimately sentenced for violating the rights of, and stealing money from, numerous Philadelphians. These Officers planted drugs on innocent individuals, conducted unreported raids, a:1d stole from suspects.

d. In 1997, federal drug convictions were overturned as a result of a 1998 Internal Affairs Investigation finding that narcotics Officer John Boucher was a potentially corrupt Police Officer.

e. In the last five years. numerous narcotics officers, including, as described supra, some and/or all of the Defendant Officers in this matter, have engaged in conduct causing them to ha'>"c been removed from the narcotics assignments. In the last five years, as a result of a series of articles by Philadelphia Daily News reports known as "Tainted Justice," Philadelphia Police Officers Jeffrey Cujdik, Richard Cujdik, Robert Mcl)onnell, Thomas Tolstoy, Joseph Bologna and Thomas Deabler, have all been assigned to either desk duty or non-narcotics related assignments. These officers engaged in raids of small convenience shops in Philadelphia in which they disabled surveillance systems to hide their conduct, which included theft of cash and groceries. Jeffrey Cujdik routinely alleged criminal behavior in search warrants involving a confidential informant who subsequently denied having provided information or services on many of the cases in which Cujdik claimed he had.

67. It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its Police Officers, including the defendant Officers, against a code of silence or "blue code" of Officers, refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers.

68. As a result of the above described polices and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the defendant Officers, believed that their actions would not be properly monitored by supervisory OJ1icers and that misconduct would not be investigated or sanctioned, but would be tolerated.

69. As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well AS reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT XIII**

**Supplemental Claim of Negligent Hiring, Retention and Supervision against defendant. City of Philadelphia**

70. Paragraphs 1 through 75 are incorporated by reference as though fully set forth herein at length.

71. Defendant City of Philadelphia failed to exercise reasonable care in the hiring, retention and supervision of the defendant Police Officers with such failure being the direct and proximate cause of Plaintiffs injuries.

72. As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

/s/ Margaret Boyce Furey
Margaret Boyce Furey
840 First Avenue Suite 400
King Of Prussia Pa 19406
610-397-0125
mboycep@aol.com

# EXHIBIT B

To Motion to Dismiss by defendant, Robert Otto
Rasheed Phillips v. City of Philadelphia, et al.,
No. 16-cv-609

I -7/1 |J |1/ \o [illegible]

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

**DOCKET**

**Docket Number: CP-51-CR-0013828-2007**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Rasheed Phillips

### CASE INFORMATION

Judge Assigned:

Date Filed: 11/21/2007 Initiation Date: 11/21/2007

OTN: N 449429-1 LOTN:

Originating Docket No: MC-51-CR-0002913-2007

Initial Issuing Authority: Lydia Y. Kirkland

Final Issuing Authority: Lydia Y. Kirkland

Arresting Agency: Philadelphia Pd

Arresting Officer: Spicer Michael, Michael

Complaint/Incident #:

| Case Local Number Type(s) | Case Local Number(s) |
|---|---|
| Legacy Microfilm Number | 08006640 |
| District Control Number | 0735004396 |

### RELATED CASES

| Related Docket No | Related Case Caption | Related Court | Association Reason |
|---|---|---|---|
| **Civil Judgment - Fines/Costs/Restitution** | | | |
| 080741834 | | CP-01-51-Crim | Civil Judgment - Fines/Costs/Restitution |
| **Joined Codefendant Cases** | | | |
| CP-51-CR-0000966-2007 | Comm. v. Jackson, Hondo B | CP-01-51-Crim | Same District Control Number |

### STATUS INFORMATION

Case Status: Closed

Arrest Date: 01/16/2007

| Status Date | Processing Status |
|---|---|
| 08/25/2014 | Awaiting PCRA Decision |
| 05/16/2008 | Sentenced/Penalty Imposed |
| 05/16/2008 | Awaiting Sentencing |
| 11/29/2007 | Awaiting Formal Arraignment |
| 11/21/2007 | Awaiting Filing of Information |

Complaint Date: 01/17/2007

### CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 12/11/2007 | 11:00 am | 505 | Trial Commissioner Linda Marian | Scheduled |
| Pretrial IP Review | 01/08/2008 | 9:00 am | 705 | Judge Joan A. Brown | Continued |
| Pretrial IP Review | 02/20/2008 | 9:00 am | 705 | Judge Joan A. Brown | Continued |
| Pretrial IP Review | 04/03/2008 | 9:00 am | 705 | Judge Joan A. Brown | Continued |
| Pretrial IP Review | 05/16/2008 | 9:00 am | 705 | Judge Joan A. Brown | Scheduled |

### DEFENDANT INFORMATION

Date Of Birth: [redacted] City/State/Zip: Philadelphia, PA 19120

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY



**Docket Number: CP-51-CR-0013828-2007**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Rasheed Phillips



| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 12/11/2007 | 11:00 am | 505 | Trial Commissioner Linda Mariani | Scheduled |
| Pretrial IP Review | 01/08/2008 | 9:00 am | 705 | Judge Joan A. Brown | Continued |
| Pretrial IP Review | 02/20/2008 | 9:00 am | 705 | Judge Joan A. Brown | Continued |
| Pretrial IP Review | 04/03/2008 | 9:00 am | 705 | Judge Joan A. Brown | Continued |
| Pretrial IP Review | 05/16/2008 | 9:00 am | 705 | Judge Joan A. Brown | Scheduled |
| PCRA | 11/20/2015 | 9:00 am | 504 | President Judge Sheila Woods-Skipper | Scheduled |
| Expungement | 04/08/2016 | 9:00 am | 1104 | | Scheduled |

Date Of Birth: City/State/Zip: Philadelphia, PA 19120

| Participant Type | Name |
|---|---|
| Defendant | Phillips, Rasheed |

**Phillips, Rasheed** **Nebbia Status: None**

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 01/18/2007 | Monetary | 10.00% | $7,500.00 | | |
| Forfeiture - Complete | 04/16/2007 | Monetary | 10.00% | $7,500.00 | | |
| Reinstate | 04/24/2007 | Monetary | 10.00% | $7,500.00 | | |
| Forfeiture - Complete | 08/29/2007 | Monetary | 10.00% | $7,500.00 | | |
| Reinstate | 09/10/2007 | Monetary | 10.00% | $7,500.00 | | |
| | | | | | Posted | 01/18/2007 |

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | F | **35 § 780-113 §§A30** | Manuf/Del/Poss/W Int Manuf Or Del | 01/16/2007 | N 449429-1 |
| 2 | 2 | F | **18 § 903 §§A1** | *Criminal Conspiracy Engaging -* Manuf/Del/Poss/W Int Manuf Or Del | 01/16/2007 | N 449429-1 |
| 3 | 3 | M | **35 § 780-113 §§A16** | Int Poss Contr Subst By Per Not Reg | 01/16/2007 | N 449429-1 |

Disposition

| Case Event | Disposition Date | Final Disposition |
|---|---|---|



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

**Docket Number: CP-51-CR-0013828-2007**

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
Rasheed Phillips

Disposition

| Case Event / Sequence/Description / Sentencing Judge / Sentence/Diversion Program Type / Sentence Conditions | Disposition Date / Offense Disposition / Sentence Date / Incarceration/Diversionary Period | Final Disposition / Grade / Credit For Time Served / Start Date | Section |
|---|---|---|---|
| **Lower Court Proceeding (generic)** | | | |
| Preliminary Hearing | 11/20/2007 | Not Final | |
| 1 / Manuf/Del/Poss/W Int Manuf Or Del | Held for Court | F | 35 § 780-113 §§ A30 |
| 2 / Criminal Conspiracy Engaging - Manuf/Del/Poss/W Int Manuf Or Del | Held for Court | F | 18 § 903 §§ A1 |
| 3 / Int Poss Contr Subst By Per Not Reg | Held for Court | M | 35 § 780-113 §§ A16 |
| **Proceed to Court** | | | |
| Information Filed | 11/29/2007 | Not Final | |
| 1 / Manuf/Del/Poss/W Int Manuf Or Del | Held for Court | F | 35 § 780-113 §§ A30 |
| 2 / Criminal Conspiracy Engaging - Manuf/Del/Poss/W Int Manuf Or Del | Held for Court | F | 18 § 903 §§ A1 |
| 3 / Int Poss Contr Subst By Per Not Reg | Held for Court | M | 35 § 780-113 §§ A16 |
| **Guilty Plea - Negotiated** | | | |
| Pretrial IP Review | 05/16/2008 | Not Final | |
| 1 / Manuf/Del/Poss/W Int Manuf Or Del | Guilty Plea - Negotiated | F | 35 § 780-113 §§ A30 |
| Brown, Joan A. | 05/16/2008 | | |
| IPP | Max of 12.00 Months<br>12 months | | |
| Probation | Max of 2.00 Years<br>2 years | | |
| 2 / Criminal Conspiracy Engaging - Manuf/Del/Poss/W Int Manuf Or Del | Guilty Plea - Negotiated | F | 18 § 903 §§ A1 |
| Brown, Joan A. | 05/16/2008 | | |
| IPP | Max of 12.00 Months<br>12 months | | |
| Probation | Max of 2.00 Years<br>2 years | | |
| 3 / Int Poss Contr Subst By Per Not Reg | Nolle Prossed | M | 35 § 780-113 §§ A16 |
| Brown, Joan A. | 05/16/2008 | | |
| **Proceed to Court (Conviction Reversed)** | | | |
| PCRA | 11/20/2015 | Not Final | |
| 1 / Manuf/Del/Poss/W Int Manuf Or Del | Proceed to Court (Conviction Reversed) | F | 35 § 780-113 §§ A30 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

**Docket Number: CP-51-CR-0013828-2007**
## CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania
v.
Rasheed Phillips

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |
| 2 / Criminal Conspiracy Engaging - Manuf/Del/Poss/W Int Manuf Or Del | Proceed to Court (Conviction Reversed) | F | 18 § 903 §§ A1 |
| 3 / Int Poss Contr Subst By Per Not Reg | Nolle Prossed | M | 35 § 780-113 §§ A16 |
| **Nolle Prossed** | | | |
| PCRA | 11/20/2015 | Final Disposition | |
| 1 / Manuf/Del/Poss/W Int Manuf Or Del | Nolle Prossed | F | 35 § 780-113 §§ A30 |
| 2 / Criminal Conspiracy Engaging - Manuf/Del/Poss/W Int Manuf Or Del | Nolle Prossed | F | 18 § 903 §§ A1 |
| 3 / Int Poss Contr Subst By Per Not Reg | Nolle Prossed | M | 35 § 780-113 §§ A16 |

**LINKED SENTENCES:**

**Link 1**

CP-51-CR-0013828-2007 - Seq. No. 2 (35§ 780-113 §§ A30) - IPP is Concurrent with
CP-51-CR-0013828-2007 - Seq. No. 1 (35§ 780-113 §§ A30) - IPP

**Link 2**

CP-51-CR-0013828-2007 - Seq. No. 2 (35§ 780-113 §§ A30) - Probation is Concurrent with
CP-51-CR-0013828-2007 - Seq. No. 1 (35§ 780-113 §§ A30) - Probation

Name: Philadelphia County District Attorney's Office
Prosecutor
Supreme Court No:
Phone Number(s):
215-686-8000 (Phone)
Address:
3 South Penn Square
Philadelphia, PA 19107

Name: Amato T. Sanita
Private
Supreme Court No: 078910
Rep. Status: Active
Phone Number(s):
267-738-7766 (Phone)
267-738-7766 (Mobile)
Address:
Ska Law Group Llc
1518 Walnut St Ste 808
Philadelphia, PA 19102
Representing: Phillips, Rasheed

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

**Docket Number: CP-51-CR-0013828-2007**

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
Rasheed Phillips

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 11/21/2007 | | Court of Common Pleas - Philadelphia County |
| Held for Court | | | |
| 3 | 11/21/2007 | | Unknown Filer |
| Transferred from Municipal Court | | | |
| 1 | 11/29/2007 | | Commonwealth of Pennsylvania |
| Information Filed | | | |
| 2 | 12/10/2007 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 1 | 05/16/2008 | | Brown, Joan A. |
| Guilty Plea - Negotiated<br>Deft formally arraigned. Plea accepted. | | | |
| 2 | 05/16/2008 | | Brown, Joan A. |
| Disposition Filed | | | |
| 3 | 05/16/2008 | | Brown, Joan A. |
| Order - Sentence/Penalty Imposed | | | |
| 4 | 05/16/2008 | | Court of Common Pleas - Philadelphia County |
| Penalty Assessed | | | |
| 1 | 07/17/2008 | | Court of Common Pleas - Philadelphia County |
| Entry of Civil Judgment Fines, Costs and Restitution | | | |
| 1 | 10/23/2008 | | Court of Common Pleas - Philadelphia County |
| Satisfaction of Civil Judgment Fines, Costs and Restitution | | | |
| 1 | 01/26/2012 | | Phillips, Rasheed |
| Return Case From Collection Agency - Refer to New Agency - Collections Continued | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

**Docket Number: CP-51-CR-0013828-2007**

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
Rasheed Phillips

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 12/04/2012 | | Phillips, Rasheed |

Return Case From Collection Agency - Court Request/Order

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 08/25/2014 | | Phillips, Rasheed |

Post-Conviction Relief Act Petition Filed
Spicer-Liciardello Claim

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 09/26/2014 | | Defender Association of Philadelphia |

Post-Conviction Relief Act Petition Filed
Post-Conviction Relief Act Petition Filed on behalf of Phillips, Rasheed.

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 11/20/2015 | | Woods-Skipper, Sheila |

Order Granting PCRA Petition - Sentence Vacated, New Trial Ordered
Hon. S. Woods-Skipper
ADA: R. Godfrey ATTY: B. Bridge DRT: K. Huskey CLERK: B. Dirscherl
PCRA granted
Sentence vacated
New trial ordered.

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 11/20/2015 | | Woods-Skipper, Sheila |

Nolle Prosequi
ADA: R. Godfrey ATTY: B. Bridge DRT: K. Huskey CLERK: B. Dirscherl
PCRA granted
Sentence vacated
New trial ordered.

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 4 | 11/20/2015 | | Feder, Eric |

DL-21D to be Prepared

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 5 | 11/20/2015 | | Feder, Eric |

DL-21D was prepared

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 6 | 11/20/2015 | | Court of Common Pleas - Philadelphia County |

Penalty Satisfied

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 11/23/2015 | | Unknown Filer |

DL-21D Sent to PennDOT

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

**Docket Number: CP-51-CR-0013828-2007**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Rasheed Phillips

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 01/08/2016 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 3 | 01/08/2016 | | Phillips, Rasheed |
| Motion for Expungement | | | |

Motion for Expungement filed on behalf of *.

| Payment Plan No | Payment Plan Freq. | Next Due Date | Active | Overdue Amt |
|---|---|---|---|---|
| Responsible Participant | | | Suspended | Next Due Amt |
| 51-2008-P000006197 | Monthly | | Yes | $0.00 |
| Phillips, Rasheed | | | No | $0.00 |

| Payment Plan History: | Receipt Date | | Payor Name | Participant Role | Amount |
|---|---|---|---|---|---|
| | 01/18/2007 | Payment | Phillips, Rasheed | Defendant | $225.00 |

Last Payment Date: 03/13/2013 Total of Last Payment: -$225.00

| **Phillips, Rasheed** Defendant | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Bail Bond (Philadelphia) | $10.00 | $0.00 | -$10.00 | $0.00 | $0.00 |
| Lien Filing (Philadelphia) | $18.50 | $0.00 | -$18.50 | $0.00 | $0.00 |
| Lien Filing (Philadelphia) | $18.50 | $0.00 | -$18.50 | $0.00 | $0.00 |
| Collection Fee (Philadelphia) | $200.45 | $0.00 | -$200.45 | $0.00 | $0.00 |
| Attorney Collection Fee 2 (Philadelphia) | $297.75 | $0.00 | -$297.75 | $0.00 | $0.00 |
| Bail Poundage (Philadelphia) | $225.00 | -$225.00 | $0.00 | $0.00 | $0.00 |
| Costs/Fees Totals: | $770.20 | -$225.00 | -$545.20 | $0.00 | $0.00 |
| Grand Totals: | $770.20 | -$225.00 | -$545.20 | $0.00 | $0.00 |

** - Indicates assessment is subrogated

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.