# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHEED PHILLIPS | : CIVIL ACTION NO.: 2:16-cv-00609 |
| Plaintiff, | |
| v. | |
| CITY OF PHILADELPHIA, et al. | |
| Defendants. | |

## ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of the Amended Motion to Dismiss and Strike Plaintiff's Amended Complaint of Defendant, Officer Michael E. Spicer, and any response thereto, it is hereby **ORDERED** that Defendant's Amended Motion to Dismiss and Strike Plaintiff's Amended Complaint is **GRANTED**. It is **FURTHER ORDERED** that:

1. Plaintiff's fabrication of evidence claims brought under federal and state law are **DISMISSED** with **PREJUDICE**;

2. Plaintiff's Amended Complaint is **STRICKEN** with **PREJUDICE**.

                                               **BY THE COURT:**

                                                                                                    J.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEED PHILLIPS | : | CIVIL ACTION NO.: 2:16-cv-00609 |
| Plaintiff, | : | |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| Defendants. | : | |

## AMENDED MOTION OF DEFENDANT, OFFICER MICHAEL E. SPICER, TO DISMISS AND STRIKE PLAINTIFF'S AMENDED COMPLAINT

Defendant, Officer Michael E. Spicer, by and through his undersigned counsel, hereby files this Amended Motion to Dismiss Plaintiff's fabrication of evidence claims within the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Motion to Strike Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 15(a).

For the reasons asserted in the accompanying Memorandum of Law, Defendant respectfully requests that this Honorable Court Dismiss Plaintiff's fabrication of evidence claim as time-barred and Strike Plaintiff's Amended Complaint.

**MARSHALL DENNEHEY, P.C.**

BY: _____
JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com
*Attorney for Defendant, Officer Michael E. Spicer*

Date: March 18, 2024

UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHEED PHILLIPS | : CIVIL ACTION NO.: 2:16-cv-00609 |
| Plaintiff, | : |
| v. | : |
| CITY OF PHILADELPHIA, et al. | : |
| Defendants. | : |

**MEMORANDUM OF LAW OF DEFENDANT, OFFICER MICHAEL E. SPICER, IN SUPPORT OF THE AMENDED MOTION TO DISMISS AND STRIKE PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Officer Michael E. Spicer (hereinafter "Moving Defendant"), by and through his counsel, Marshall Dennehey, P.C., respectfully moves to dismiss the fabrication of evidence claims within Plaintiff's Amended Complaint under federal and state law which were asserted beyond the statue of limitations and to strike Plaintiff's Amended Complaint for failure to comply with Fed. R. Civ. P. 15(a).

I. **RELEVANT BACKGROUND**

A) STATEMENT OF FACTS[1]

The genesis of this cause of action occurred over sixteen years ago when, on January 16, 2007, Plaintiff Rasheed Phillips was arrested for selling narcotics near his home at 704 Rockland Street, in Philadelphia. [ECF No. 1 at ¶¶7-11] He later admitted to the crime as part of a plea bargain to reduce the sentence he would have to serve. [Id., at ¶¶27-28]

---

[1] The statement of facts are drawn from the Plaintiff's Complaint and assumed true for the sake of this pleading. Should this Court somehow deny the Motion to Dismiss, the inclusion of the allegations in this Motion should not be read as an admission concerning the truth of the matters Plaintiff averred.

Plaintiff now denies that he participated in drug trafficking, and alleges that the Police Officers – without specifying which Officers – proffered false accusations in order to make a false arrest in order to make overtime pay for appearing in court. [Id., at ¶33] Plaintiff claims that unspecified officers gave false statements and prepared paperwork purporting to misrepresent the events leading to the Plaintiff's arrest and plea bargain wherein he admitted to having committed the crime at issue. [Id., at ¶¶19; 26-30.]

Plaintiff alleges that for 20 years, officers in Philadelphia's narcotics unit engaged in a pattern of falsifying evidence, misusing confidential informants, falsifying search warrants, engaging in theft and other misconduct. [Id., at 34.] As a consequence, the District Attorney's office no longer used certain officers as witnesses in narcotics cases, did not approve such cases for charges and no longer approved search warrants. [Id., at 37] Defendant Walker pled guilty to corruption and related charges and is currently incarcerated.[2]

On February 8, 2016, Plaintiff filed the Complaint in this case. [ECF No. 1] It contained eleven counts, asserting claims against City of Philadelphia and three present or former officers. [Id.] Counts I-IX were asserted against, *inter alia*, Officer Spicer. [Id.]

### B) STATEMENT OF PROCEDURAL HISTORY

On February 8, 2016, Plaintiff commenced this action. [ECF No. 1] Because this case was a claim related to the on-going litigation concerning Philadelphia Police Department's Narcotics Field Unit ("NFU"), it was ordered to be placed in the Civil Suspense File by Order dated February 9, 2016. [ECF No. 2]

---

[2] On May 14, 2015, four Philadelphia Police Officers, including Officer Spicer, were acquitted of every corruption charge brought against him. See, Judgments of acquittal for Officer Michael Spicer, EDPA Docket 14-412.-03 [ECF 507]

On July 12, 2023, the parties were directed to report to the Court whether the matter could be dismissed. [ECF No. 6] On November 15, 2023, the Court entered an order directing the matter to be reopened and placed on the active docket. [ECF No. 7] On December 18, 2023, the Court directed the parties to confer and, *inter alia*, to file a joint status report. [ECF No. 11] The parties did so on January 3, 2024. [ECF No. 14] On January 26, 2024, Moving Defendant filed the Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 21] Pursuant to this Honorable Court's February 1, 2024, Order, Plaintiff was required to show cause as to why the present case should not be dismissed in light of the long delay from the filing of the Complaint. [ECF No. 23] On February 12, 2024, Plaintiff filed a Response to Defendant's Motion to Dismiss, and in doing so, attached a proposed Amended Complaint to the Response. [ECF No. 26]. On February 20, 2024, counsel for Co-Defendant, Lieutenant Robert Otto, filed a Reply to Plaintiff's Response to Co-Defendant's Motion to Dismiss. [ECF No. 28] Within the Reply, counsel for Co-Defendant, Lieutenant Robert Otto, indicated Co-Defendant's opposition to Plaintiff's request to amend. Id. Notwithstanding this objection, on March 6, 2024, Plaintiff filed the Amended Complaint. [ECF No. 29].

This is the Motion of Defendant, Officer Michael E. Spicer, to dismiss Plaintiff's fabrication of evidence claims as time-barred and strike Plaintiff's Amended Complaint for failure to comply with Fed. R. Civ. P. 15(a).

II.     **QUESTIONS PRESENTED**

(1) Q: Whether this Honorable Court should dismiss Plaintiff's fabrication of evidence claims against Moving Defendant, since the applicable statute of limitations expired?

   **Suggested Answer: Yes.**

(2) Q: Whether this Honorable Court should dismiss Plaintiff's fabrication of evidence claims against Moving Defendant, because Plaintiff has failed to set forth sufficient factual allegations to support a claim for fabrication of evidence?

**Suggested Answer: Yes.**

(3) Q: Whether this Honorable Court should Strike Plaintiff's Amended Complaint for failure to comply with Fed. R. Civ. P 15(a).

**Suggested Answer: Yes.**

III. <u>**LEGAL STANDARD**</u>

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a challenge to the legal sufficiency of a complaint. *See* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 674 (2009). Factual averments within a complaint must make the claim for relief more than merely speculative. <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). A plaintiff is not required to plead in detail all of the facts upon which the claim is based. <u>Id</u>. at 555. Instead, the Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must, however, "allege facts suggestive of [the tortious] conduct," <u>Twombly</u>, 550 U.S. at 563 n.8, as well as sufficient factual allegations that either, satisfy the necessary elements of a claim, or "raise a reasonable expectation that discovery will reveal evidence of . . ." those elements. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) (quoting <u>Twombly</u>, 550 U.S. at 556). And so, "only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Iqbal</u>, 556 U.S. at 679.

The determination of whether to grant a motion to dismiss requires liberal interpretation of the complaint, accepting all factual allegations in the complaint as true, while drawing all plausible inferences in favor of the plaintiff. *See* <u>Twombly</u>, 550 U.S at 555; *see also* <u>D.P. Enters. v. Bucks</u>

County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984). Yet, neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. *See* Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); *see* also Sterling v. Southeastern Pennsylvania Transp. Auth*.*, 897 F. Supp. 893 (E.D. Pa. 1995). The court's obligation to accept allegations as true also does not apply to legal conclusions. *See* Iqbal, 556 U.S. at 678. Accordingly, the court must first identify conclusive allegations in the complaint that are not entitled to the assumption of truth and then consider whether the remaining allegations "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id*.* at 678.

However, a court's analysis is not constrained solely to the complaint. *See* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)). Thus, courts within the Third Circuit "may consider documents that are attached to or submitted with the complaint and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citations and internal alternations omitted); *see also* Julabo USA, Inc. v. Juchheim, No. 5:19-CV-01412-JDW, 2021 WL 2351958, at *2 (E.D. Pa. Jun. 9, 2021) (quoting Tellabs, 551 U.S. at 322-23).

IV. **ARGUMENT**

A. **Plaintiff's fabrication of evidence claims within the Amended Complaint are barred by the applicable statute of limitations.**

Although a defense based on the statute of limitations generally is not raised by a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint, on its face, shows the action

to be untimely. Lott v. Cheney University of Pennsylvania, et al., 2001 U.S. Dist. LEXIS 6080 (E.D. Pa. 2001); Oliver v. Levin, Fishben, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994). The Third Circuit allows a limitations defense to be raised by a motion under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002) quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).

Plaintiff's claims under § 1983 have a two (2) year statute of limitations. Bailey v. City of Philadelphia, 2010 U.S. App. LEXIS 5762 (3d Cir. 2010). Boldrini v. Wetzel, 2014 U.S. Dist. LEXIS 63836 (M.D. Pa. 2014) (citing Bougher v. University of Pittsburgh, 882 F.2d 74, 78-79 (3d Cir. 1989) (further string citations omitted)). Plaintiff's fabrication of evidence claims are subject to a two (2) year statute of limitations. Coello v. Dileo, 43 F.4th 346 (3d Cir. 2022) citing McDonough v. Smith, ⎯⎯ U.S. ⎯⎯, 139 S. Ct. 2149, 2159, 204 L.Ed.2d 506 (2019). Plaintiff's §1983 fabrication of evidence claim accrued at the time the criminal case was terminated in his favor. *See, e.g.*, Torain v. City of Philadelphia, 2023 WL 179451, (E.D. Pa 2023).

However, Pennsylvania courts have developed certain tolling principles to "ameliorate the sometimes-harsh effects" of the statute of limitations. . . . The discovery rule tolls the statute of limitations when a plaintiff, despite the exercise of due diligence, is unable to know of the existence of the injury and its cause. . . . Under the most recent restatement of the discovery rule, the statute of limitations begins to run as soon as "the plaintiff knows, or reasonably should know, (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." Bohus v. Beloff, 950 F.2d 919, 925-26 (3d Cir. 1991).

In this matter, the Philadelphia Court of Common Pleas granted Plaintiff's Petition for *Nolle Pros* on November 20, 2015, which dismissed the criminal case in Plaintiff's favor.

Therefore, Plaintiff's fabrication of evidence claim is time barred as it should have been filed no later than November 20, 2017. Pennsylvania excuses the passage of the statute of limitations period from the time of occurrence when a Plaintiff could not have, in the exercise of reasonable diligence, discovered the injury sooner, or where defendants have fraudulently concealed the injury or their involvement from the Plaintiff.

In the instant matter, Defendant contends that Plaintiff was aware of or reasonably should have been aware, of the fact that he was no longer exposed to the possibility of further prosecution, and that the pertinent criminal proceedings had concluded in his favor at the time that it was *Nolle Prosed.* As such, Plaintiff's fabrication of evidence claims fall outside the statute of limitations and therefore must be dismissed.

**B. Plaintiff has failed to state a claim for fabrication of evidence.**

"[I]f a defendant has been convicted at a trial at which the prosecution has used fabricated evidence, the defendant has a stand-alone claim under section 1983 based on the Fourteenth Amendment." Halsey v. Pfeiffer, 750 F.3d 273, 294 (3d Cir. 2014). "[T]estimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong." Id. "Were it otherwise, every acquittal could spawn a fabrication claim." Mervilus v. Union Cnty., 73 F.4th 185, 194 (3d Cir. 2023). There must be "persuasive evidence supporting a conclusion that the proponents of the evidence" are aware that evidence is incorrect or that the evidence is offered in bad faith. Id.

Likewise, a plaintiff's fabricated evidence claim should demonstrate that the fabricated evidence "was so significant that it could have affected the outcome of the criminal case." Black v. Montgomery Cnty., 835 F.3d 358, 372 (3d Cir. 2016), as amended (Sept. 16, 2016) (citing Halsey, 750 F.3d at 295). A "criminal defendant may have a stand-alone fabricated evidence claim against

state actors under the due process clause of the Fourteenth Amendment if there is a reasonable likelihood that, absent that fabricated evidence, the defendant would not have been criminally charged." Id. at 371. The "reasonable likelihood" standard simply requires that a plaintiff draw a "meaningful connection" between his particular due process injury and the use of fabricated evidence against him.

Here, Plaintiff seeks leave to file an Amended Complaint to include claims for fabrication of evidence but fails to set forth any new factual allegations not previously in the original Complaint that would support a fabrication of evidence claim. Along with this, neither the Complaint nor the proposed Amended Complaint contain alleged facts supporting a claim for fabricated evidence. Rather, Plaintiff only sets forth conclusory allegations that the Defendants fabricated evidence.

As to Answering Defendant, the extent of Plaintiff's allegations are that the "Officer defendants informed him that he was being arrested for crack cocaine, even though neither crack cocaine nor any other drugs were found on Plaintiff nor in his vehicle in the illegal search." See Plaintiff's proposed Amended Complaint [ECF No. 29] at ¶ 16. Such conclusory allegations are insufficient under Iqbal to satisfy the pleading standard. Plaintiff's fabrication of evidence claims rest solely on Plaintiff's assertion that he were informed of the reason for his arrest without any drugs being found on their person or in their vehicle. However, without additional context or evidence, such assertions remain conclusory and do not meet the threshold required to establish a claim for fabricated evidence. As such, Plaintiff has failed to state a claim for fabrication of evidence.

**C. Plaintiff's Amended Complaint should be stricken because Plaintiff failed to comply with the requirements for amendment of a pleading pursuant to Fed. R. Civ. P. 15(a).**

Plaintiff's Amended Complaint should be stricken on the grounds of procedural non-compliance with the requirements outlined in Fed. R. Civ. P. 15(a). Pursuant to Fed. R. Civ. P. 15(a):

> (1) *Amending as a Matter of Course*: a party may amend its pleading once as a matter of course no later than:
>
>> (A) 21 days after serving it, or,
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Additionally, while leave to amend shall be freely given pursuant to F.R.C.P. 15(a), leave to amend a complaint is not permitted when such amendment will cause undue delay, is sought in bad faith, will cause undue prejudice , or is futile. *See* Forman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff's failure to comply with the procedural requirements outlined in Fed. R. Civ. P. 15(a) constitutes a significant basis for striking the Amended Complaint in this case. Firstly, it's crucial to note that the Plaintiff did not seek leave to amend the Complaint at any stage of the litigation process. This failure to formally request permission to make amendments goes against the procedural guidelines set forth in Rule 15(a), which mandate that such requests should be made either with the opposing party's written consent or with the court's leave.

Moreover, the explicit opposition from counsel representing Co-Defendant, Lieutenant Robert Otto, further underscores the inadequacy of the Plaintiff's attempt to amend the Complaint. The opposition articulated in the Co-Defendant's Reply to the Plaintiff's Response to their Motion to Dismiss [ECF No. 20] highlights a lack of agreement among the parties involved regarding the

proposed amendments. This opposition is a significant factor to be considered in determining whether leave to amend should be granted, as per the principles outlined in Rule 15(a).

Given these circumstances, where the Plaintiff neither sought leave to amend nor obtained consent from the opposing party, and faced explicit opposition from Co-Defendant's counsel, the procedural requirements for amending the Complaint have not been met. Consequently, striking the Amended Complaint is warranted to maintain the integrity of the litigation process and uphold the principles of procedural fairness and efficiency.

## V.  RELIEF REQUESTED

For all of the foregoing reasons, Moving Defendant, Officer Michael E. Spicer, respectfully requests that this Honorable Court grant the Amended Motion to Dismiss and Strike Plaintiff's Amended Complaint.

**MARSHALL DENNEHEY, P.C.**

BY: _____
JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-2871 Fax (215) 575-0856
Email:  jpgonzales@mdwcg.com
*Attorney for Defendant, Officer Michael E. Spicer*

Date:  March 18, 2024

## CERTIFICATE OF SERVICE

I, John P. Gonzales, Esquire hereby certifies that a true and correct copy of the foregoing Amended Motion to Dismiss and to Strike Plaintiff's Amended Complaint, was electronically filed with the Court this date and is available for viewing and downloading from the ECF System.

                                       **MARSHALL DENNEHEY, P.C.**

BY: _____
JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com
*Attorney for Defendant, Officer Michael E. Spicer*

Date: March 18, 2024