IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHEED PHILLIPS | CIVIL ACTION NO. |
| v. | JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA | |
| and | NO. 16-cv-00609 |
| POLICE OFFICER JEFFREY WALKER (Badge No. 3730) Individually and as a Police Officer for the City of Philadelphia | |
| And | |
| POLICE OFFICER MICHAEL E. SPICER (Badge No. 7169) Individually and as a Police Officer for the City of Philadelphia | JURY TRIAL DEMANDED |
| and | |
| LIEUTENANT ROBERT OTTO Individually and as a Police Lieutenant for the City of Philadelphia | |

## SECOND AMENDED COMPLAINT

### JURISDICTION

I. This is an action brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania, against the City of Philadelphia and against the City of Philadelphia Police Officers in their individual capacities. Plaintiff invokes the pendent jurisdiction of this Court provided by 28 U.S.C. §1367 to hear and decide claims under State law.

### PARTIES

2. Plaintiff is Rasheed Phillips, an adult male, who is and was at all material times a resident of Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, at all times pertinent hereto, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the defendant Police Officers.

4. Defendant, Police Officer Jeffrey Walker (Badge No. 3730), was at all times relevant to this action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

5. Defendant, Police Officer Michael E. Spicer (Badge No. 7169), was at all times relevant to this action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

6. Defendant, Lieutenant Robert Otto, was at all times relevant to this action a participant in the illegal actions; was the supervising Officer of the Narcotics Strike Force, in which co-defendants, Walker and Spicer were members; and was responsible for their supervision, training and monitoring. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

**FACTS**

7. On or about January 16, 2007, at approximately 6:00P. M. plaintiff and a neighbor, Hondo Jackson, had walked home from a store and got into Plaintiffs 1989 Crown Victoria vehicle parked behind a house plaintiff shared with his mother at 704 Rockland Street, Philadelphia, Pa., when almost immediately, defendants, Walker and Spicer, driving an unmarked SUV with tinted windows and headlights out, parked behind the 1989 Crown Victoria, preventing the Crown Victoria from moving..

8. Almost immediately upon stopping, the defendant Officers, Walker and Spicer, both in

street clothes with guns drawn, jumped out of the SUV, not identifying themselves as Police Officers, and demanded that plaintiff and his passenger, Jackson, tell the defendant Officers about the drugs and money, demanding to know where they both were.

9. Upon hearing the demands, plaintiff informed both defendant Officers, Walker and Spicer, that he did not know what they were talking about since plaintiff had no money or drugs.

10. As plaintiff and his passenger got out of the car at gun, the defendant Officers, Walker and Spicer, still with guns drawn, approached them, still demanding drugs and money and proceeded to search plaintiff and plaintiff's car, but discovered neither money nor drugs.

11. Despite finding neither money nor drugs, the defendant Officers called for reinforcements, resulting in other Officers appearing at the scene, whereupon plaintiff and his passenger were arrested for alleged manufacture/delivery/possession with intent to manufacture or deliver, conspiracy and intentionally possessing a controlled substance by a person not regulated, 2 felonies and a misdemeanor, 35 § 780-113 §§ A30, 18 § 903 §§ Al, and 35 § 780 §§ Al6 (MC-51- CR-0002913-2007 and after a preliminary hearing, was held for Common Pleas Court at CP-51-CR- 0013828-2007).

12. After his arrest, plaintiff was taken to the 35th Police District in the SUV driven by defendant Spicer, while defendant Walker drove plaintiffs Crown Victoria, obtaining neither a search warrant for the vehicle nor providing a property receipt for the car.

13. That at the 35th Police District plaintiff was met by defendant Otto, who, like the co-defendant Officers Walker and Spicer, demanded to know where the drugs and money were, since defendant Otto was aware that neither had been found on plaintiff nor in his vehicle.

14. That plaintiff responded to defendant Otto's demands for drug information as he had previously responded to defendants, Walker and Spicer ,that he (plaintiff) did not know what they were talking about. denying knowledge of drugs.

15. That defendant Otto was aware from Defendants, Walker and Spicer that no drugs were found in this incident ,as well as the fact ,that the defendant Officers had no probable cause for the unconstitutional stop and search of plaintiff and plaintiffs car.

16. At the 35th Police District, when plaintiff inquired what he was being held for, the three Officer defendants informed him he was being arrested for crack cocaine, even though neither crack cocaine nor any other drugs were found on Plaintiff nor in his vehicle in the illegal search.

17. After two days locked in a cell at the 35th District, plaintiff was released on bail in the amount of $7,500.00, 10% posted on his behalf by a cousin.

18. Initially, plaintiff was represented by a court appointed attorney, but after the preliminary hearing, plaintiffs mother hired an attorney, Amato T. Sanita, to represent plaintiff.

19. After plaintiffs passenger, Hondo Jackson, was found guilty on the perjured testimony of defendant Officers and was sentenced to a term of imprisonment, plaintiff's attorney advised plaintiff to plead guilty to the charges in return for a plea agreement of 6 months house arrest, 4 years probation and community service, to which plaintiff agreed in order to avoid a period of incarceration.

20. That because of the false accusations of drug dealing, plaintiffs Crown Victoria, for which plaintiff had paid the sum of approximately $1,800.00, was forfeited; he had to pay $350.00 for home monitoring; paid $225.00 towards a fine; and was unable to work or continue his education at Philadelphia Community College.

21. That after the 6 months of house arrest, plaintiff did not return to college, believing that with a felony conviction he would be unable to obtain a job in the health care field, particularly nursing.

22. Also. because of the felony conviction, plaintiff had difficulty obtaining a job even though he was a high school graduate with some college credits.

23. After his conviction for over 7 years, plaintiff was only able to obtain low paying jobs because of his felony criminal record.

24. The plaintiff did not commit the crimes for which he was arrested, charged and convicted, and of which defendant Officers knew he was innocent, but perjured themselves in order to get extra money and arrests.

25. Defendant, Lieutenant Otto, as the supervisor of the defendant Police Officers, knew or had reason to know that defendants Walker and Spicer did not find drugs or delivery of drugs on plaintiff, were lodging false charges against plaintiff, and were fabricating evidence and falsifying paper work and committing perjury in order to convict an innocent person.

26. Prior to or subsequent to his arrest, plaintiff had no criminal records, juvenile or adult, and since the arrest subject of this civil rights suit, plaintiff has not been convicted of any crimes, with the May 16, 2008 sentencing in this case being plaintiffs only conviction and sentencing for a crime of which Plaintiff was innocent.

27. Plaintiff entered into a negotiated guilty plea in this case, not because plaintiff was guilty of the charges, but in order to avoid a prison sentence and because at the time Plaintiff was only 19 years of age took the advice of his attorney, who recommended a plea deal to avoid prison.

28. Plaintiff was innocent of the charges of which he pled guilty in CP-51-CR-0013828-2007, but wanted to avoid a prison sentence that could have been imposed by the Court following a trial at which defendants Walker, Spicer and Otto would have presented false and perjured testimony accusing plaintiff of crimes plaintiff did not commit.

29. Plaintiff knew the defendant Officers would present false testimony since false perjured testimony was presented at the preliminary hearing.

30. As a result of defendant Walker's criminal conviction in the Federal Court on numerous counts of civil rights violations, false arrests, incarcerations, perjury and fraudulent incarcerations, and defendant Spicer, being like wise charged by the United States Attorney's Office for similar civil rights violations, perjury, etc., albeit the jury found insufficient evidence for a criminal conviction, plaintiff filed a petition to nolle pros the criminal charges at CP-51-CR-0013828-2007, which on November 20, 2015, was granted by the Honorable Sheila Woods-Skipper of the Court of Common Pleas of Philadelphia Count

31. This illegal arrest and prosecution is still on the First Judicial District of Pennsylvania Court Summary and Docket.

32. Plaintiff was falsely accused of the drug charges since he neither possessed, attempted to sell drugs. or sold drugs, as defendant Officers alleged.

33. None of the accusations against plaintiff were true but were made for the sole purpose of making a false arrest, false imprisonment and fraudulent prosecution in order to make overtime pay appearing in court and reaping a financial gain for the illegal and false arrest and prosecution.

34. For more than 20 years, Philadelphia Police Officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentations, falsifying or misusing what are known as confidential informants, who either do not exist or lie for the police, falsifying search warrants and their execution, falsifying evidence, the destruction and theft of personal property and related misconduct, accusing citizens of crimes of which they me factually innocent , stealing property, stopping citizens without probable cause, and otherwise engaging in corrupt and illegal activities.

35. The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

36. That because of plaintiff's false arrest and incarceration, he was deprived of the companionship of his family and friends.

.37. The Philadelphia District Attorney's Office no longer calls defendant Walker and some and/or all of the defendant Officers as witnesses in narcotics cases; no longer approves narcotic cases for charging in which some and/or all of the defendant Officers were a necessary witness; and no longer approves any search or arrest warrants in narcotics cases when imprisoned Officer Walker and/or all or some of the defendant Officers were the affiants.

38. Defendant Walker has pleaded guilty to corruption, perjury and other related charges and constitutional violations and h:1s admitted to Constitutionally depriving behavior..

39. More specifically, the District Attorney of Philadelphia now refuses to prosecute or charge cases or approve any search or arrest warrant in which defendant Jeffrey Walker and/or all of the other defendant Officers were involved.

40. This decision rested on knowledge that some and/or all of the defendant Officers in this

matter had engaged in conduct raising questions about their integrity and lawfully enforcing the law while on duty.

41. *At* the time of this incident, and for some years before, law enforcement at the highest levels knew of integrity, corruption, and civil rights violation issues involving some and/or all of the defendant Officers. Federal agents and Federal prosecutors knew. The current Philadelphia Police Commissioner, his predecessors, and some of his subordinates, knew. Former District Attorney Lynn Abraham and some of her subordinates, as well as her successor in office, knew. The basis of this knowledge was information from multiple sources, including, but not limited, to Federal investigations, questions raised by members of the District Attorney's Office, State and Federal prosecutors and other sources.

42. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges, and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; the right to be free from excessive force; the right to be free from malicious prosecution: and the right to due process of law. Plaintiff was deprived of the right not to be a victim of conspiracies by State actors to violate the afore mentioned clearly established rights.

43. The actions or inactions of defendants violated clearly established rights.

44.. All actions taken by defendants in this matter were taken under color of State law.

45. As a direct and proximate result of the action or inaction of defendants, plaintiff suffered physical pain, loss of liberty, anlxiety, fear, mental haml, loss of parental rights and financial loss.

46. As a direct and proximate result of the actions and/or inactions of the defendants, plaintiff was and is deprived of rights, privileges and immunities under the Fourth, Fifth, Sixth and Fourteenth Amendment to the United Stales Constitution, as well as parallel provisions of the Pennsylvania Constitution. and ,in particular, the right to be free from excessive force, the right to
be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law. Plaintiff was similarly deprived of the right not to be a victim of conspiracy of State actors to violate the aforementioned clearly established rights. Plaintiff was maliciously prosecuted by Officers, who fabricated and falsified

evidence against him, as well as presenting perjured testimony at Plaintiffs Preliminary Hearing.

47. The actions and/or inactions of the defendants violated the clearly established Federal and State constitutional rights of the plaintiff to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law.

## COUNT I

### 42 U.S. C. 1983 against Defendant Officers

### *MALICIOUS PROSECUTION*

48. Paragraphs 1 through 47 are incorporated by reference as though fully set forth herein at length.

49. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers acted with the intent to arrest plaintiff unlawfully, without probable cause, and against plaintiff's will, and prosecute him with malice, knowing Plaintiff did not commit the crimes for which he was being prosecuted.

50. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT II

### Supplemental State Law Claim Against Defendant Officers

### *MALICIOUS PROSECUTION*

51 Paragraphs 1 through 50 are incorporated by reference as though fully set forth herein at length.

52. Plaintiff was damaged and injured as set forth above by defendant Officers in that they

as described in detail in preceding paragraphs violated plaintiffs constitutional rights, instituting criminal proceedings against plaintiff without probable cause and with malice and where such proceedings were terminated in favor of the Plaintiff.

53. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988 and such other relief, as appears reasonable and just.

## COUNT III
## 42 U.S. C. § 1983 against Defendant Officers
## FABRICATION OF EVIDENCE

54. Paragraphs I through 53 are incorporated by reference as though fully set forth herein at length.

55. Defendants, Walker and Spicer falsified evidence that they saw the Plaintiff, while In his car alleged give drugs in return for money to an unidentified, unnamed individual, who was not arrested for his alleged crime but Plaintiff was arrested for the alleged crime of selling Drugs to this individual, none of which was true but was false and fabricated evidence by these Defendants, Spicer, Walker and Otto.

56. Defendants further falsified evidence when they falsely and fraudulently claimed to Have found drugs in Plaintiff's Crown Victoria, when there were, in fact, no drugs in the car and, if the Defendants as they falsely allege in the criminal case, found drugs in the car it was because either Spicer or Walker and most probably both Defendants planted and fabricated any and all drugs in the car in order to frame Plaintiff for drugs that never belonged to him and of which he had no knowledge as to where they came from other than from the Defendant Officers, Walker and Spicer.

57. Plaintiff never saw any drugs but would state that he had no drugs nor were there any drugs in his car.

58. Plaintiff would state that Defendant Otto was discussing Plaintiff's arrest the Entire time that the Defendants Spicer and Walker were arresting Plaintiff and searching him And his car, finding nothing during the course of the illegal search.

59. The Defendant Walker drove the Plaintiff's car to the Police Station, While Defendant Spicer accompanied Plaintiff to the same Police Station, where Defendant Otto first appeared.

60. That Defendant started screaming at Plaintiff demanding to know where the drugs and guns were located and promising to release Plaintiff if he gave this information To Defendant Otto, who knew from the co-defendants, Walker and Spicer that no drugs were found on Plaintiff's person or in his car.

61. That all three Defendants were aware that no drugs were found and conspired together to arrest Plaintiff and charge him on fabricated evidence of drugs that Plaintiff never possessed nor had any knowledge of drugs: instead falsifying evidence and presenting this evidence in a criminal case and claiming falsely that Plaintiff was involved in possession, manufacturing and delivery of a controlled substance, knowing none of which was true and which alleged drugs/controlled substance was never owned, possessed, distributed nor under the control of plaintiff.

62. Plaintiff was caused to be arrested, incarcerated, placed under house arrest, placed on probation, maliciously prosecuted and his reputation and standing in the community was ruined and his life was interrupted and otherwise ruined by falsified evidence, perjury and lies. Defendant Officers falsified evidence in order to get a conviction, look good in the eyes of supervisors and Police Department Hierarchy and enrich themselves with overtime pay while attending court, a common practice in th Philadelphia Police Department.

63. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and pW1itive damages, plus interest,

injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT IV
## STATE LAW CLAIM
## FABRICATION OF EVIDENCE

64. Paragraph 1 through 63 are incorporated by reference as though fully set forth herein at length.

65. It is a violation of Pennsylvania State Law and its Constitution for law enforcement to use fabricated and false evidence, a violation of due process and equal potection to convict a citizen of a crime they did not commit and are actually innocent.

66. Plaintiff did not commit and was, in fact, innocent of the crimes that the Defendant Officers accused him of committing and Defendant Officers are liable to Plaintiff for the fabrication of evidence as set forth in the above paragraphs of this complaint.

67. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988 and such other relief, as appears reasonable and just.

## COUNT VI
## 42 U.S.C. §1983 against Defendant Officers
### *CONSPIRACY*

68 Paragraphs 1 through 61 are incorporated by reference as though fully set forth herein at length.

69. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania. The defendant Officers acted in conspiracy to violate plaintiff's constitutional rights as stated in the above paragraphs. and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct. Such actions were the direct and proximate cause of plaintiff's harm.

. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT VII

### Supplemental State Law Claim Against Defendant Officers

*Conspiracy*

70. Paragraphs 1 through G3 are incorporated by reference as though fully set forth length. herein at length.

71. Defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiffs constitutional rights and against the laws of Pennsylvania. The defendant Officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

72. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as it appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT VIII
## 42 U.S.C. §1983 against Defendant City of Philadelphia

73. Paragraphs 1 through 72 are incorporated by reference as though fully set forth herein at length.

74. Plaintiff was damaged ,111d injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. The City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of plaintiff's rights.

75. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress.

76. It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or retrain against, and discipline against illegal police activity, including, but not limited, to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, assault and battery, false imprisonment, and infliction of emotional distress.

77. There has been a longstanding history, which has been extensively documented since the 1980s of Philadelphia Police Officers engaging in rampant illegal conduct in narcotics investigations. A non-exhaustive list of such conduct includes:

   a.  In the early 1980s. in the "One Squad Scandal," a group of Philadelphia narcotics Officers were convicted of selling drugs that they had stolen from dealers.

   b.  During the decade between 1980-1989, a Lieutenant and three Officers from another drug unit, the "Five Squad," engaged in conduct including the theft of drugs and over $200,000.00 that resulted in Federal convictions for, inter alia, racketeering.

c. In or around February 1995, Philadelphia Police Officer John Baird and five other members of the 39th Police District were federally prosecuted and ultimately sentenced for violating the rights of, and stealing money from, numerous Philadelphians. These Officers planted drugs on innocent individuals, conducted unreported raids, and stole from suspects.

d. In 1997, federal drug convictions were overturned as a result of a 1998 Internal Affairs investigation finding that narcotics Officer John Boucher was a potentially corrupt Police Officer.

e. In the last five years, numerous narcotics officers, including, as described supra, some and/or all of the Defendant Officers in this matter, have engaged in conduct causing them to have been removed from the narcotics assignments. In the last five years, as a result of a series of articles by Philadelphia Daily News reports known as "Tainted Justice," Philadelphia Police Officers Jeffrey Cujdik, Richard Cujdik, Robert McDonnell, Thomas Tolstoy, Joseph Bologna and Thomas Deabler, have all been assigned to either desk duty or non-narcotics related assignments. These officers engaged in raids of small convenience shops in Philadelphia in which they disabled surveillance systems to hide their conduct, which included theft of cash and groceries. Jeffrey Cujdik routinely alleged criminal behavior in search warrants involving a confidential informant who subsequently denied having provided information or services on many of the cases in which Cujdik affirmed he had.

78. It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its Police Officers, including the defendant Officers, against a code of silence or "blue code" of Officers, refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers.

79. As a result of the above described polices and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the defendant Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

80. As a result of the above mentioned actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XIII

### Supplemental Claim of Negligent Hiring, Retention and Supervision against defendant, City of Philadelphia

81. Paragraphs 1 through 80 are incorporated by reference as though fully set forth herein at length

82. Defendant City of Philadelphia failed to exercise reasonable care in the hiring, retention and supervision of the defendant Police Officers with such failure being the direct and proximate cause of Plaintiffs injuries.

83. As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C.§1988.

_____
Margaret Boyce Furey
Attorney For Plaintiff