IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHEED PHILLIPS : | |
| : | |
| v. : | NO: 16-cv-0609 |
| : | |
| CITY OF PHILADELPHIA, et al. : | |

**REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S FIRST AND SECOND AMENDED COMPLAINTS ON BEHALF OF DEFENDANT, ROBERT OTTO**

Defendant, Robert Otto, by and through his attorneys, Bennett, Bricklin & Saltzburg LLC, moves to strike Plaintiff's First and Second Amended Complaints pursuant to Federal Rule of Civil Procedure 15(a), and submits this reply brief in support of his motion.

**I. PLAINTIFF'S "MOTION TO STRIKE" THE DEFENDANTS' RULE 12 MOTIONS IS PROCEDURALLY IMPROPER, AND LEGALLY AND FACTUALLY INCORRECT.**

In response to defendant Otto's motion to strike the first and second amended complaints, plaintiff filed a document styled "Plaintiff's Motion to Strike Defendant Otto's… Motion to Strike Plaintiff's Amended Complaints…." (Doc. No. 42). While titled a "Motion to Strike," this document was filed on the ECF system as a response to defendant Otto's Motion to Strike (Doc. No. 40). Out an abundance of caution, defendant Otto submits this document as a reply brief in support of his motion to strike, and as a response to Plaintiff's Motion to Strike to the extent it is considered an affirmative motion requiring a response.

Plaintiff's Motion to Strike is based on Federal Rule of Civil Procedure 12(f), which governs "responsive pleadings." Fed. R. Civ. Pro 12. Rule 12(f) allows a party to strike material "from a pleading." Fed. R. Civ. Pro. 12(f). Defendant Otto's motion to strike the first and second amended complaints is not a "pleading," and so a Rule 12(f) motion to strike may not be filed in response to defendant Otto's motion to strike. Blessing Auto Repair, Inc. v. Pa. State Police, No. 20-6569, 2021

U.S.Dist. LEXIS 130849 at *17 (E.D. Pa. Jul. 14, 2021) ("A motion to dismiss is not a pleading, therefore, a motion to strike a motion to dismiss would be inappropriate.") (citations omitted). Plaintiff must instead file a response to defendant Otto's motion to strike. It is not clear if plaintiff's motion to strike is intended to also be considered a response in opposition to defendant Otto's motion to strike. In either event, a motion to strike defendant Otto's motion to strike is not permitted by the Rules, and plaintiff's motion to strike should be denied for this reason alone.

Turning to the substance of plaintiff's Motion to Strike, plaintiff appears to contend that the defendants could not file a motion to strike the first and second amended complaints, both of which were filed in violation of Rule 15. This is not correct. Courts in this Circuit have held that "use of Rule 12(f) is appropriate when to hold otherwise would be to essentially ignore Fed. R. Civ. P. 15(a) and the requirement that plaintiff seek leave before amending its complaint." O'Reilly Plumbing & Const., Inc. v. Lionsgate Disaster Relief, LLC, No. 19-cv-24, 2020 U.S. Dist. LEXIS 204555 at *14 (D.V.I. Nov. 2, 2020) (quoting, U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Market, 240 F.R.D. 149, 154 (D.N.J. 2007)). This is because an amended complaint filed out of time and without leave of court is a "nullity." Id. (citations omitted). Thus, defendant Otto's motion to strike the first and second amended complaints was procedurally proper, and should be granted.

Plaintiff's motion to strike also argues that defendant Otto's motion to strike was untimely. This is plainly incorrect. Plaintiff claims that his first amended complaint was filed on February 12, 2024 (Doc. No. 24). This is clearly not the case, as the document filed on February 12 was plaintiff's response to the defendants' motions to dismiss the original complaint, which included a request that the Court grant leave to file a first amended complaint. The proposed first amended complaint was attached as an exhibit. Plaintiff did not file his first amended complaint on February 12, but only sought leave to do so. Defendant Otto then timely filed a reply brief on February 20,

2

opposing the request to amend[1]. (Doc. No. 28). Thus, plaintiff's first amended complaint was *not* filed on February 12, and defendant Otto timely opposed plaintiff's request for leave to amend.

Disregarding the fact that leave of Court was not obtained, plaintiff claims that he filed he filed his first amended complaint "a second time" "for clarification" on March 6, 2024 (Doc. No. 29), but that the defendants' fourteen day time period to move to dismiss the first amended complaint actually began to run on February 12, when plaintiff sought leave to amend. This argument is plainly incorrect, as the dockets disclose that the first amended complaint was not filed until March 6, 2024. Defendant Otto then timely filed a motion to dismiss and strike the first amended complaint twelve days later, on March 18, 2024 (Doc. No. 34).

Plaintiff claims that the defendants were not permitted to file motions to dismiss the first and second amended complaints because their motions to dismiss the original complaint were still pending. So, plaintiff argues on one hand that the defendants did not timely file Rule 12 motions in response to the first and second amended complaints, but argues on the other hand that they were not yet permitted to file such motions because the original motions to dismiss were outstanding. Plaintiff cites no authority for this *non sequitur*. Indeed, Rule 15(a)(3) specifically required the defendants to timely respond to the amended complaints. Fed. R. Civ. Pro. 15(a)(3) ("…[A]ny required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleadings, whichever is later.").

Plaintiff also appears to claim that the defendants somehow violated the Court's Order of January 31, 2024. (Doc. No. 23). The Order in question directed plaintiff to show cause as to why plaintiff's claims should not be dismissed for undue delay. The Order further directed that the defendants "may" file a reply brief by February 20. While not required to do so, defendant Otto did

---

1 Ordinarily, the Court's procedures require a reply brief within seven days, but February 19, 2024 was President's Day

3

file a reply brief on February 20.  It is not clear how defendant Otto allegedly violated the Court's January 31, 2024 Order, or why that should result in the striking of his motion.

Plaintiff's motion to strike is procedurally improper, factual inaccurate, and legally incorrect.  To the extent it can be considered an affirmative motion, it should be denied.

## II. PLAINTIFF OFFERS NO SUBSTANTIVE RESPONSE TO THE MOTION TO STRIKE.

Plaintiff's motion to strike, to the extent it can be considered a response to defendant Otto's motion to strike, appears to offer no substantive argument as to why plaintiff's first and second amended complaints complied with Rule 15.  Plaintiff's motion does make the passing contention that the Court's Order of January 31, 2024 allowed plaintiff until February 12, 2024 to file an amended complaint.  This is not what the Order says.  Rather, the Order gave plaintiff until February 12, 2024 to respond to the pending motions to dismiss and show cause on why the complaint should not be dismissed in its entirety for undue delay.  The Order did not give plaintiff leave to file an amended complaint.  Even if it had, plaintiff did not file the first amended complaint until March 6, 2024, rendering it untimely under Rule 15.  Further, even if plaintiff's first amended complaint had been timely filed (and it was not), the second amended complaint was still procedurally improper as plaintiff had already amended once, and did not have leave of Court or the consent of all parties to file the second amended complaint.  For these reasons, and those more fully set out in the moving papers, plaintiff's first and second amended complaints should be stricken.

---

and the Court was closed, so the reply brief was timely filed on February 20, 2024.  In addition, the Court's order of January 23, 2024, specifically allowed the defendants to February 20, 2024 to file reply briefs.  (Doc. No. 23).

4

          Respectfully submitted,

          **BENNETT, BRICKLIN & SALTZBURG LLC**

BY:  /s Nicholas A. Cummins
       NICHOLAS A. CUMMINS
       Attorney I.D. No. 203238
       ALEXANDER D. TORRES
       Attorney I.D. No. 324478
       1500 Market Street, 32nd Floor
       Philadelphia, PA 19102
       (215) 665-3328
       (215) 561-6661 (fax)
       cummins@bbs-law.com
       torres@bbs-law.com
       Attorneys for Defendant, Robert Otto

Date: April 16, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHEED PHILLIPS | : |
| | : |
| v. | : NO: 16-cv-0609 |
| | : |
| CITY OF PHILADELPHIA, et al. | : |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Reply Brief was served on all interested counsel on this date by way of electronic filing with the Court.

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: /s Nicholas A. Cummins
NICHOLAS A. CUMMINS
Attorney I.D. No. 203238
ALEXANDER D. TORRES
Attorney I.D. No. 324478
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(215) 665-3328
(215) 561-6661 (fax)
cummins@bbs-law.com
torres@bbs-law.com
Attorneys for Defendant, Robert Otto

Date: April 16, 2024